

# COURT OF APPEALS
### SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-09-00445-CV

LANCE A. FLEMING AND ALL                                      APPELLANT
OTHER OCCUPANTS

V.

FANNIE MAE A/K/A FEDERAL                                      APPELLEE
NATIONAL MORTGAGE
ASSOCIATION

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

Appellant Lance A. Fleming and All Other Occupants (Fleming) appeal the

trial court's judgment awarding possession of real estate to Appellee Fannie Mae

a/k/a Federal National Mortgage Association.  In three issues, Fleming argues

---

[1]*See* Tex. R. App. P. 47.4.

that the trial court erred by rendering judgment for Fannie Mae because (1) Fannie Mae's pleading is invalid, (2) a business records affidavit tendered to the trial court failed to meet the requirements of the rules of evidence, and (3) the substitute trustee's deed tendered to the trial court was insufficient to support a prima facie claim of title. We will affirm.

## II. FACTUAL AND PROCEDURAL BACKGROUND

In 2006, Fleming executed a deed of trust that granted Carteret Mortgage Corp Main Branch a security interest in real estate located at 2100 York Drive, Fort Worth, Texas 76134 (the property). The deed of trust included the following provision:

> If the Property is sold pursuant to this Section 22, [Fleming] or any person holding possession of the Property through [Fleming] shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, [Fleming] or such person shall be a tenant at sufferance and may be removed by writ of possession or other court proceeding.

Mortgage Electronic Registration Systems, Inc., as nominee for Carteret Mortgage Corp., subsequently assigned all of its right, title, and interest in the mortgage executed by Fleming to Central Mortgage Company. Fleming defaulted under the terms of the deed of trust, and Central Mortgage Company appointed a substitute trustee to conduct a foreclosure sale of the property. Fannie Mae purchased the property in February 2009 and subsequently sent a notice to Fleming demanding that he vacate the property. It is undisputed that Fleming did not vacate the property.

2

In July 2009, Fannie Mae filed an action for forcible detainer in the justice court against Fleming, alleging that Fleming was in wrongful possession of the property since the date of the foreclosure sale. The justice court signed a judgment in favor of Fannie Mae, and Fleming appealed to the county court at law. The county court denied Fleming's plea in abatement, which challenged the validity of Fannie Mae's pleading on the ground that the petition was not properly sworn, and found that Fannie Mae was entitled to possession of the property. The county court denied Fleming's motion for new trial, and this appeal followed.

### III. PLEADING AND PLEA IN ABATEMENT

In the first issue, Fleming argues that the trial court erred by rendering judgment for Fannie Mae because Fannie Mae's amended petition "was not a valid pleading which even required [Fleming's] answer." Fleming contends that the affidavit attached to Fannie Mae's amended petition did not meet the requirement of rules of civil procedure 739 and 93 that a petition for forcible detainer be sworn because the attorney who signed the amended petition stated, "I have read the foregoing [petition] and *to the best of* my personal knowledge, the facts stated therein are true and correct." [Emphasis added.] Fleming argues that this alleged defect, which was raised in the plea in abatement and ruled on prior to trial, is "jurisdictional and may be raised at any time."

Two of our sister courts have recently addressed this identical issue and held that a defective verification did not deprive the county court of jurisdiction to

3

hear the forcible detainer action. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 469 (Tex. App.—Dallas 2010, pet. filed); *Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *1–3 (Tex. App.—Texarkana Mar. 25, 2009, pet. dism'd w.o.j.) (mem. op.). We agree with the reasoning and conclusions reached by these courts. Accordingly, assuming that the verification was defective, we hold that, to the extent Fleming raises a jurisdictional challenge to the trial court's judgment in favor of Fannie Mae, such a challenge is without merit. *See Shutter*, 318 S.W.3d at 469; *Reagan*, 2009 WL 763565, at *2.

To the extent Fleming challenges the trial court's denial of his plea in abatement, we review a trial court's ruling granting or denying a plea in abatement for an abuse of discretion. *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex. 1988). The trial court abuses its discretion when it acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241–42 (Tex. 1985), *cert. denied*, 476 U.S. 1159 (1986). A plea in abatement challenges the plaintiff's pleading by asserting that facts outside the pleadings prevent the suit from going forward until the problem can be cured. *Morgan v. City of Alvin*, 175 S.W.3d 408, 421 (Tex. App.—Houston [1st Dist.] 2004, no pet.).

Like the appellant in *Shutter*, in this case, Fleming did not allege or explain how the alleged defective verification was an impediment to the trial court's determination of immediate possession, nor has Fleming offered any analysis

4

demonstrating that he was harmed by the trial court's alleged erroneous denial of the plea in abatement. *See Shutter*, 318 S.W.3d at 470. Accordingly, we overrule Fleming's first issue.

## IV. BUSINESS RECORDS AFFIDAVIT

In the second issue, Fleming argues that the trial court "erred in granting judgment" because the business records affidavit that Fannie Mae tendered to the county court did not meet the requirements of rules of evidence 803(6), 803(7), and 902(10) for establishing the admissibility of the documents evidencing the foreclosure sale and notices to vacate (Plaintiff's Exhibits 1-A, general warranty deed with vendor's lien; 1-B, deed of trust; 1-C, assignment of mortgage; 1-D, substitute trustee's deed; and 1-E, notices to vacate). He complains that Fannie Mae "does not offer an affiant who can testify of personal knowledge of [Fannie Mae's] record-keeping, nor of [Fannie Mae's] law firm's record-keeping, but of a third-party contractor of the law firm's record keeping."

We initially observe that Fleming agreed at trial that Plaintiff's Exhibits 1-A, 1-B, 1-C, and 1-D "would be admissible as public records." We construe Fleming's agreement as a concession that those exhibits were self-authenticated certified copies of public records under rule 902(4) and admissible as an exception to the hearsay rule under rule 803(8). *See* Tex. R. Evid. 803(8), 902(4).

5

The business records exception provides that evidence meeting certain criteria should not be excluded under the hearsay rule. *See* Tex. R. Evid. 803(6). The four requirements are (1) the records were made and kept in the course of a regularly conducted business activity, (2) it was the regular practice of the business activity to make the records, (3) the records were made at or near the time of the event that they record, and (4) the records were made by a person with knowledge who was acting in the regular course of business. *In re E.A.K.*, 192 S.W.3d 133, 141 (Tex. App.—Houston [14th Dist.] 2006. pet. denied). The prerequisites of rule 803(6) may be provided by the custodian of records or a "qualified witness." Tex. R. Evid. 803(6). Rule 803(6) does not require a witness who is laying the predicate for introduction of a business record to be the creator of the document or even an employee of the company keeping the subject record. *Houston Shell & Concrete Co. v. Kingsley Constructors, Inc.*, 987 S.W.2d 184, 186 (Tex. App.—Houston [14th Dist.] 1999, no pet.). Rather, an affiant may qualify as a "qualified witness" by demonstrating personal knowledge of the facts contained within the business record. *Id.* (citing *Duncan Dev., Inc. v. Haney*, 634 S.W.2d 811, 813–14 (Tex. 1982)). "Determining admissibility of business records affidavits involves deciding whether 'the source of information or the method or circumstances of preparation indicate a lack of trustworthiness.'" *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 246 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (citing Tex. R. Evid. 803(6)). The

6

admission or exclusion of evidence rests within the sound discretion of the trial court. *State v. Bristol Hotel Asset Co.*, 65 S.W.3d 638, 647 (Tex. 2001).

Fannie Mae submitted the business records affidavit of William Attmore to establish the admissibility of, among other things, Plaintiff's Exhibit 1-E, the notices to vacate the property. The affidavit states in relevant part the following:

> My name is William Attmore, I am over the age of eighteen (18) years, have never been convicted of a felony, and have personal knowledge of the facts contained in this Affidavit and they are true and correct to the best of my knowledge and belief.

> I am employed by NATIONAL DEFAULT EXCHANGE, L.P., an affiliated service provider for the law firm of BARRETT DAFFIN FRAPPIER TURNER AND ENGEL, LLP, (hereinafter "BDFTE"), attorneys for Plaintiff, FANNIE MAE ALSO KNOWN AS FEDERAL NATIONAL MORTGAGE ASSOCIATION as a paralegal and I am authorized to make this Affidavit on behalf of BDFTE as attorneys for Plaintiff herein. I have care, custody and control of all records concerning the non-judicial foreclosure and forcible entry and detainer proceedings against [Fleming]; hereinafter "Defendant(s)".

> I am the custodian of the records of BDFTE, attorneys for Plaintiff, FANNIE MAE ALSO KNOWN AS FEDERAL NATIONAL MORTGAGE ASSOCIATION. Attached hereto are thirty-four (34) pages of records from the foreclosure and forcible entry and detainer file against Defendants. The said thirty-four (34) pages of records are kept by Plaintiff in the regular course of business, and it was in the regular course of business for an employee or representative of BDFTE, with knowledge of the act, event, condition, opinion, or diagnosis, recorded to make the record or to transmit information thereof to be included in such record; and the record was made at or near the time or reasonably soon thereafter. The records attached hereto are the originals or exact duplicates of the original.

> On APRIL 9, 2009, a Notice to Vacate was forwarded by certified mail, return receipt requested, and regular mail, postage prepaid, to [Fleming], demanding that the Defendants vacate the

7

property within three (3) days or forcible detainer proceedings would be commenced against them and all other occupants.

The affidavit thus demonstrates that Attmore is the custodian of records for the law firm that represented Fannie Mae at trial, and it tracks the requirements of rule 803(6). *See* Tex. R. Evid. 803(6). Fleming does not challenge the trustworthiness of the business records covered by the affidavit. Attmore's affidavit contains information upon which the trial court could have reasonably concluded that Attmore was qualified to testify about the matters contained in the business record. *See Houston Shell & Concrete Co.*, 987 S.W.2d at 186. Therefore, we hold that the trial court did not abuse its discretion by concluding that Attmore's affidavit met the requirements for establishing the admissibility of and by admitting Plaintiff's Exhibit 1-E under the business records exception. We overrule Fleming's second issue.

## V. INSUFFICIENT SUBSTITUTE TRUSTEE'S DEED

In the third issue, Fleming argues that the substitute trustee's deed tendered into evidence was insufficient to support a prima facie claim of title because paragraphs four and five of the affidavit accompanying the deed, which address notice of the default and military status, were not based on the affiant's personal knowledge but were instead made "[t]o the best of [the affiant's] knowledge and belief." Fleming contends that this defect resulted in Fannie Mae's noncompliance with property code section 51.002(e), which provides that in establishing that the debtor was served with notice of foreclosure, "[t]he

8

affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." Tex. Prop. Code Ann. § 51.002(e) (Vernon Supp. 2010).

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *See Cattin v. Highpoint Village Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.). Forcible detainer actions are intended to be a summary, speedy, and inexpensive remedy for resolving the question of who is entitled to immediate possession of real property. *Id.* Rule of civil procedure 746 provides that "the only issue shall be as to the right to actual possession[,] and the merits of the title shall not be adjudicated." Tex. R. Civ. P. 746. Thus, to prevail in a forcible detainer action, a plaintiff is not required to prove title but is only required to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Hong Kong Dev., Inc. v. Nguyen*, 229 S.W.3d 415, 433 (Tex. App.—Houston [1st Dist.] 2007, no pet.). Consequently, whether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer and must be brought in a separate suit. *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).

Fannie Mae demonstrated its right to possession of the property—the substitute trustee's deed evidenced Fannie Mae's purchase of the property; the deed of trust evidenced Fleming's status as a tenant at sufferance; and the

9

notices to vacate evidenced Fannie Mae's notification to Fleming that he was a tenant at sufferance and that he must vacate the property. Any defects in the foreclosure process or with Fannie Mae's title to the property may not be considered in a forcible detainer action. *See Shutter*, 318 S.W.3d at 471; *Williams*, 315 S.W.3d at 927 (citing *Scott v. Hewitt*, 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936)). We overrule Fleming's third issue.

## VI. CONCLUSION

Having overruled all of Fleming's issues, we affirm the trial court's judgment.


BILL MEIER
JUSTICE

PANEL: LIVINGSTON, C.J.; MCCOY and MEIER, JJ.

DELIVERED: November 24, 2010