COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| STEPHEN G. RIDDLE, | § | No. 08-07-00285-CV |
| Appellant, | § | Appeal from the |
| v. | § | County Court at Law No. Five |
| UNIFUND CCR PARTNERS, | § | of Dallas County, Texas |
| Appellee. | § | (TC#CC-06-00198-E) |
| | § | |

**O P I N I O N**

This is an appeal from a judgment awarding Appellee Unifund CCR Partners $12,119.03, prejudgment and post-judgment interest, and attorney's fees. We reverse and remand.

## I. PROCEDURAL BACKGROUND AND FACTUAL SUMMARY

On January 10, 2006, Unifund filed suit against Riddle for breach of contract, open and stated account, *quantum meruit*, and unjust enrichment. Unifund's petition contained requests for disclosure and admission. Appellant filed a general denial. Unifund filed a summary judgment. In support of the motion for summary judgment, Unifund attached, among other documents, an affidavit from Joseph Lutz, a bill of sale for the credit card account, Riddle's credit card application, some monthly account statements, and an affidavit attesting to attorney's fees. Riddle filed his response to summary judgment. The summary judgment was denied.

At the trial to the court, Unifund presented the testimony of Joseph Lutz. Through this witness, the following documents were admitted over objection: a First USA telemarketing application; several account statements; a First USA Cardmember Agreement dated 01/00; a Bill of Sale; and an affidavit asserting indebtedness from Robert Watson, an employee of Chase Bank USA,

N.A.

Lutz testified that these records are kept or maintained in the usual course of Unifund's business. He stated that Unifund maintains the records on their website, and entries on the records are made at the time they are recorded. He testified that someone made entries for the prior creditor, and the documents are transferred electronically to Unifund. Lutz testified that he obtains the copies provided at trial through electronic transfer.

Attorney Ahn Regent testified for Unifund regarding attorney's fees. Riddle's counsel offered controverting testimony regarding attorney's fees. Unifund sought to have the court find that a second request for admissions was not timely answered. On April 24, 2007, the court faxed a letter ruling to the parties which directed Unifund's counsel to prepare a judgment in conformity with the ruling. In the letter, the court stated that it did not give any evidentiary weight to the request for admissions propounded with Unifund's original petition. The court entered a judgment for Unifund on May 8, 2007. On July 10, 2007, the court entered findings of fact and conclusions of law to the effect that Unifund was the legal owner of the account, Riddle was in arrears on the account in the amount stated in the judgment, and that attorney's fees set forth in the judgment were reasonable and necessary.

## II. DISCUSSION

In Issue One, Riddle asserts that the records of the original creditor cannot be the business records of a subsequent purchaser where the subsequent purchaser does not present evidence that the records were created by a person with knowledge of the records, or that the trial witness had knowledge of how the records were created. We review a trial court's decision to admit or exclude evidence for an abuse of discretion. *In re J.P.B.*, 180 S.W.3d 570, 575 (Tex. 2005). A trial court abuses its discretion if its decision is arbitrary, unreasonable, and without reference to guiding

principles.  *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998).  An appellate court must uphold the trial court's evidentiary ruling if there is any legitimate basis for the ruling.  *Id*.  Moreover, we will not reverse a trial court for an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment.  *Id*.; *see also* TEX. R. APP. P. 44.1.

"'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted." TEX. R. EVID. 801(d).  The proponent of hearsay has the burden of showing that the testimony fits within an exception to the general rule prohibiting the admission of hearsay evidence. *Volkswagen of Am., Inc. v. Ramirez*, 159 S.W.3d 897, 908 n.5 (Tex. 2004).

The business records hearsay exception provides that evidence meeting certain criteria should not be excluded under the hearsay rule.  *See* TEX. R. EVID. 803(6).  The exception has four requirements:  (1) the records were made and kept in the course of a regularly conducted business activity; (2) it was the regular practice of the business activity to make the records; (3) the records were made at or near the time of the event that they record; and (4) the records were made by a person with knowledge who was acting in the regular course of business.  *In re E.A.K.*, 192 S.W.3d 133, 141 (Tex. App.–Houston [14th Dist.] 2006, pet. denied).  These requirements may be demonstrated at trial through an accompanying affidavit.  *See* TEX. R. EVID. 902(10).

Business records that have been created by one entity, but which have become another entity's primary record of the underlying transaction may be admissible pursuant to Rule 803(6). *Garcia v. Dutcher Phipps Crane & Rigging Co.*, No. 08-00-00387-CV, 2002 WL 467932, at *1 (Tex. App.–El Paso March 28, 2002, pet. denied) (not designated for publication); *see also GT & MC, Inc. v. Texas City Refining, Inc.*, 822 S.W.2d 252, 257 (Tex. App.–Houston [1st Dist.] 1991, writ denied) (invoices received from outside vendors were admissible upon testimony by custodian

of records as to the procedure by which the invoices became the company's business records).  In addition, a document can comprise the records of another business if the second business determines the accuracy of the information generated by the first business.  *Garcia*, 2002 WL 467932, at *1; *see also Duncan Dev., Inc. v. Haney*, 634 S.W.2d 811, 812-13 (Tex. 1982) (subcontractor's invoices became integral part of builder's records where builder's employees' regular responsibilities required verification of the subcontractor's performance and verification of the accuracy of the invoices); *Cockrell v. Republic Mortgage Ins. Co.*, 817 S.W.2d 106, 112-13 (Tex. App.–Dallas 1991, no writ) (testimony by employees of mortgage insurer that documents received from a loan servicer were kept in the ordinary course of business and formed the basis for an insurance payment satisfied the requirements of Rule 803(6)).

Although Rule 803(6) does not require the predicate witness to be the record's creator or have personal knowledge of the content of the record; however, the witness must have personal knowledge of the manner in which the records were prepared.  *In re K.C.P.*, 142 S.W.3d 574, 578 (Tex. App.–Texarkana 2004, no pet.).  Documents received from another entity are not admissible under Rule 803(6) if the witness is not qualified to testify about the entity's record keeping.  *See Powell v. Vavro, McDonald, & Assoc., L.L.C.*, 136 S.W.3d 762, 765 (Tex. App.–Dallas 2004, no pet.) (custodian of records for travel agency was not qualified to testify as to records received from third-party company, showing credits to customers' credit card account).

In the instant case, when Lutz testified about the telemarketing application, he stated that the information was inputted by someone at First USA, although he had no personal information about how the information was inputted or how the information was obtained.  The same observation could be made about the account statements, and the cardholder agreement.  In this case, there is no indication that Unifund knew of the events recorded on the third-party documents.  *See Duncan,* 634

S.W.2d at 814. We find that court erred in admitting the complained-of documents. Given that the complained-of information was central in the court's assessment and in the determination of prejudgment and post-judgment interest, we find that the error did bring about the rendition of an improper verdict. Accordingly, Issue One is sustained.[1] In light of the foregoing, we will not address Riddle's remaining two issues.

### III.  CONCLUSION

We reverse and remand the cause for a new trial.

GUADALUPE RIVERA, Justice

October 7, 2009

Before Chew, C.J., McClure, and Rivera, JJ.

---

[1] Riddle states in one line in his summary of his argument that the evidence is legally and factually insufficient. The Rules of Appellate Procedure require that "[t]he brief must contain a clear and concise argument for the contentions made, with appropriate citations to authorities and to the record." TEX. R. APP. P. 38.1(i), 38.2(a)(1). By failing to brief this contention, Riddle has waived his legal and factual sufficiency complaints about the court's findings. *E.g. Franklin v. Enserch, Inc.*, 961 S.W.2d 704, 711 (Tex. App.–Amarillo 1998, no pet.); *Sisters of Charity of Incarnate Word v. Gobert*, 992 S.W.2d 25, 31 (Tex. App.-Houston [1st Dist.] 1997, no pet.); *Leyva v. Leyva*, 960 S.W.2d 732, 734 (Tex. App.–El Paso 1997, no writ).