# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-10-00093-CV

**Leticia Rodriguez and all other occupants of 2520 Saulsbury, Temple, Texas 76504, Appellants**

**v.**

**Citimortgage, Inc., Appellee**

### FROM COUNTY COURT AT LAW NO. 3 OF BELL COUNTY
### NO. 64,877, HONORABLE GERALD M. BROWN, JUDGE PRESIDING

## M E M O R A N D U M   O P I N I O N

Leticia Rodriguez appeals a trial court judgment in a forcible detainer suit awarding Citimortgage, Inc., possession of residential real property and attorney's fees. In four points of error, Rodriguez contends that the trial court's judgment was erroneous because (1) there was no competent evidence that Citimortgage had complied with section 51.002 of the property code when foreclosing on the property and acquiring ownership, (2) a business records affidavit on which Citimortgage relied to prove up its written demand to surrender possession was incompetent, (3) there was no evidence that Rodriguez had continued to occupy the property after demand was made that she vacate, and (4) there was no evidence to support the trial court's award of attorney's fees. We will overrule each of Rodriguez's points except for her challenge to the judgment award of attorney's fees, which we reverse and remand.

In 2008, Rodriguez executed a deed of trust granting a first lien security interest in a residential property, located at 2520 Saulsbury in Temple, to Primary Residential Mortgage Inc. The deed of trust provided in the paragraph entitled "Foreclosure Procedure" that:

> If the Property is sold pursuant to [a nonjudicial foreclosure sale under the deed of trust], Borrower [Rodriguez] or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

On February 19, 2009, the deed of trust was assigned by the note holder (Mortgage Electronic Registration Systems Inc., as nominee for Primary) to Citimortgage. Rodriguez allegedly defaulted, and Citimortgage foreclosed on the property. A substitute trustee conducted a nonjudicial foreclosure sale at which Citimortgage purchased the property and received a substitute trustee's deed memorializing the conveyance.

Thereafter, Citimortgage filed in justice court a verified petition for forcible detainer against Rodriguez and "all other occupants" of the property, alleging that it had made written demand on "Defendant(s)" to vacate and that "Defendant(s)" had refused to comply. The justice court awarded Citimortgage possession of the property. Rodriguez and other occupants then appealed to the county court at law. Following a de novo bench trial, the trial court awarded Citimortgage possession of the property plus $1,000 in trial-level attorney's fees and conditional additional appellate attorney's fees.[1] Rodriguez now appeals to this Court.[2]

---

[1] The trial court awarded $2,000 in appellate fees to Citimortgage in the event of an unsuccessful appeal by Rodriguez to this Court, an additional $3,500 in the event of an unsuccessful petition for review by Rodriguez to the supreme court, and $2,500 if the supreme court granted a petition for review by Rodriguez but ultimately ruled against her.

[2] Rodriguez's appellate briefing is inconsistent with regard to whether she is appearing alone or is also joined by any "other occupants" of the property under the common representation of Rodriguez's counsel. However, as Citimortgage emphasizes in its brief, the notice of appeal is in Rodriguez's name only. In response to Citimortgage's argument, Rodriguez has not requested leave to amend her notice to cure the defect as to any other occupants. To the extent that any occupants beside Rodriguez are purporting to participate as appellants, we dismiss those appeals.

2

The statutory remedy of forcible detainer will lie when a person in possession of real property refuses to surrender possession on demand if, as was alleged here, the person is a tenant at will or by sufferance, "including an occupant at the time of foreclosure of a lien superior to the tenant's lease." *See* Tex. Prop. Code Ann. § 24.002(a) (West 2000). To establish forcible detainer, Citimortgage had to prove: (1) it was the owner of the property in question, (2) Rodriguez was an occupant at the time of foreclosure, (3) the foreclosure was of a lien superior to Rodriguez's right to possession, (4) Citimortgage made a written demand for possession in accordance with section 24.005 of the property code, and (5) Rodriguez refused to vacate. *See id.* §§ 24.002, .005 (West Supp. 2010); *Murphy v. Countrywide Home Loans, Inc.*, 199 S.W.3d 441, 445 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). At trial before the county court at law, Citimortgage introduced into evidence, without objection, certified copies of Rodriguez's deed of trust, the assignment of the deed to Citimortgage, and the substitute trustee's deed of the property. Citimortgage also introduced a business records affidavit accompanying copies of its notices to vacate sent to Rodriguez and "other occupants" of the property. The trial court admitted the affidavit and records over Rodriguez's objection that the affiant had failed to demonstrate her personal knowledge of the facts asserted. Rodriguez did not present any evidence of her own, only argument.

In her third point of error, Rodriguez argues that the trial court erred in granting judgment for Citimortgage because the substitute trustee's deed "was not sufficient to support a prima facie claim of title." The focus of Rodriguez's challenge is an affidavit attached to the substitute trustee's deed, prepared by an employee of Citimortgage's law firm's affiliated service provider, that purports to verify that the foreclosure had been conducted in accordance with all

applicable legal requirements. Rodriguez argues that the affidavit does not demonstrate the witness's personal knowledge of the facts asserted or that Citimortgage had complied with property code section 51.002. Section 51.002 requires a mortgage servicer to serve a debtor in default with notice of default giving the debtor at least twenty days to cure the default, and if the default is not cured, the mortgage servicer then must serve the debtor with twenty-one days' notice of the public sale at auction. Tex. Prop. Code Ann. § 51.002(b), (d) (West Supp. 2010). Section 51.002(e) further provides that "[t]he affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *Id.* § 51.002(e).

In a forcible detainer action, the trial court considers only the issue of who has the right to immediate possession of real property, not the merits of the title. Tex. R. Civ. P. 746; *see also, e.g.*, *Shutter v. Wells Fargo Bank*, 318 S.W.3d 467, 470 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g). Forcible detainer is intended to be a speedy, inexpensive, summary procedure for obtaining possession without resorting to a suit on the title. *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 926-27 (Tex. App.—Dallas 2010, no pet.) (citing *Scott v. Hewitt*, 90 S.W.2d 816, 818-19 (Tex. 1936)). To prevail in a forcible detainer action, the plaintiff is required only to show sufficient evidence of ownership to demonstrate a superior right to immediate possession. *Dormady v. Dinero Land & Cattle Co.*, 61 S.W.3d 555, 557 (Tex. App.—San Antonio 2001, pet. dism'd w.o.j.) (op. on reh'g). If the right to immediate possession *necessarily* requires resolution of a title dispute, the justice court and county court have no jurisdiction to enter a judgment. *Rice v. Pinney*, 51 S.W.3d 705, 709, 713 (Tex. App.—Dallas 2001, no pet.) (collecting cases). In most disputes, however, the right to title can be determined

4

separately from the right to immediate possession, and the Texas Legislature has expressly established a system designed to keep the two issues separate. *Id.* at 710. Thus, the trial court cannot determine in a forcible detainer action whether the sale of property under a deed of trust is invalid; instead, the displaced property occupant is entitled to bring a separate suit in district court to resolve any title issues. *Id.* (citing *Scott*, 90 S.W.2d at 818-19).

The evidence established Citimortgage's superior right to possession of the property. The deed of trust established that Rodriguez agreed she would become a tenant at sufferance if she did not immediately surrender possession of the property upon its being sold at a nonjudicial foreclosure sale. The substitute trustee's deed showed that Citimortgage purchased the property at public auction after Rodriguez defaulted on the deed of trust. The notices to vacate informed Rodriguez of her tenant-at-sufferance status and Citimortgage's demand that she vacate the property.[3] This evidence suffices to establish Citimortgage's right to immediate possession of the property. *See, e.g.*, *Fleming v. Fannie Mae*, No. 02-09-00445-CV, 2010 WL 4812983, at *4 (Tex. App.—Waco Nov. 24, 2010, no pet. h.) (mem. op.); *Shutter*, 318 S.W.3d at 471; *Williams*, 315 S.W.3d at 926.

Rodriguez asserts that her challenge to the affidavit's sufficiency is not a question going to the merits of the title such that it cannot be raised in a forcible detainer proceeding. She couches her argument as one of "insufficient evidence" to support the trial court's judgment that Citimortgage had the superior right to possession. But the substance of her argument is an

---

[3] As discussed below, the trial court did not abuse its discretion in admitting the notices to vacate into evidence.

attack on the validity of the foreclosure and sale through which Citimortgage acquired the property—a challenge to Citimortgage's title that cannot be raised in this proceeding. *See, e.g.*, *Fleming*, 2010 WL 4812983, at *4 (overruling exact argument presented here about sufficiency of affidavit supporting substitute trustee's deed); *Shutter*, 318 S.W.3d at 471 (same); *Williams*, 315 S.W.3d at 926 (same); *see also Middleton v. Crestar Mortgage Corp.*, No. 03-99-00604-CV, 2000 WL 298694, at *4 (Tex. App.—Austin Mar. 23, 2000, no pet.) (mem. op.) (holding claim that mortgage company's deed lacked necessary foundation and was incompetent to show superior right to possession involved allegations about whether default actually occurred and propriety of foreclosure and could not be considered in forcible detainer suit). On the other hand, this is not a case where the issues of title and right of possession are so intertwined that the trial court lacked jurisdiction. *See Dormady*, 61 S.W.3d at 558-59 (collecting cases); *Rice*, 51 S.W.3d at 713 (same). Here, the deed of trust created a landlord-tenant relationship when the lien was foreclosed, and this "relationship provides a basis for determining possession without resolving the ultimate issue of title to the property." *Dormady*, 61 S.W.3d at 559; *see also Rice*, 51 S.W.3d at 712 & n.4 (noting that one indication that justice court and county court need to adjudicate title and thus that suit exceeds their jurisdiction is when landlord-tenant relationship is lacking). Consequently, we overrule Rodriguez's third point of error.

In her first point of error, Rodriguez contends that the trial court abused its discretion in admitting Citimortgage's business records affidavit and attached documents establishing that Citimortgage gave Rodriguez and "other occupants" the statutorily required notice to vacate before filing suit. *See* Tex. Prop. Code Ann. §§ 24.002, .005; *Murphy*, 199 S.W.3d at 445. In the

6

complained-of affidavit, Sharon L. Vaughan, who averred that she is an employee of an affiliated service provider of Citimortgage's law firm, purported to authenticate records related to notices to vacate transmitted on Citimortgage's behalf following the foreclosure sale. Vaughan further averred to her "personal knowledge" that the notice was mailed out on April 20, 2009, which was almost two months before Citimortgage filed its forcible detainer action. Rodriguez complains that Vaughan's testimony was incompetent because she failed to demonstrate her personal knowledge to prove up the notices under the business records exception to the hearsay rule.

We review the trial court's rulings concerning the admission or exclusion of evidence for an abuse of discretion. *See In re J.P.B.*, 189 S.W.3d 570, 575 (Tex. 2005). An abuse of discretion occurs only when the court's decision is made without reference to any guiding rules and principles or is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 241-42 (Tex. 1985). We must uphold the trial court's evidentiary ruling if there is any legitimate basis for it. *See Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). Moreover, we will not reverse a judgment based on a claimed error in admitting or excluding evidence unless the complaining party shows that the error probably resulted in an improper judgment. Tex. R. App. P. 44.1; *Malone*, 972 S.W.2d at 43; *City of Brownsville v. Alvarado*, 897 S.W.2d 750, 753 (Tex. 1995). A successful challenge to a trial court's evidentiary rulings requires the complaining party to demonstrate that the judgment turns on the particular evidence excluded or admitted. *Texas Dep't of Transp. v. Able*, 35 S.W.3d 608, 617 (Tex. 2000).

At trial, Rodriguez objected to the admission of the affidavit and the affidavit's attachments, asserting that Vaughan could not vouch for the recordkeeping and business records

7

of Citimortgage and its law firm because Vaughan was employed by an affiliated service provider of the law firm. On appeal, Rodriguez contends that because Vaughan is an employee of an independent contractor employed by Citimortgage's law firm, her relationship to the firm is "too removed to vouch for any custodianship of records of the law firm's client," and that even if she had more precisely explained her relationship to the firm, she would not be qualified to testify to the law firm's record-keeping practices. Instead, Rodriguez argues, only a partner in a law firm would be competent to authenticate the law firm's records, not an independent contractor. Rodriguez contends that Vaughan's affidavit improperly attempts to "import the conduct or knowledge of one entity on behalf of another." We disagree.

The business records exception to the hearsay rule has four requirements: (1) the records were made and kept in the course of a regularly conducted business activity, (2) it was the regular practice of the business activity to make the records, (3) the records were made at or near the time of the event that they memorialize, and (4) the records were made by a person with knowledge who was acting in the regular course of business. *In re E.A.K.*, 192 S.W.3d 133, 142 (Tex. App.—Houston [14th Dist.] 2006, pet. denied). An affidavit of the custodian of records or a "qualified witness" may be presented at trial with the business records to establish that the records satisfy these requirements and to render them self-authenticated. Tex. R. Evid. 803(6), 902(10). To be a "qualified witness," the affiant must have personal knowledge of the business's recordkeeping practices or of the facts contained within the business records. *See* Tex. R. Evid. 602, 803(6), 902(10); *In re E.A.K.*, 192 S.W.3d at 142; *Fleming*, 2010 WL 4812983, at *3.

8

Vaughan testified that she is a paralegal employed by National Default Exchange, L.P., an affiliated service provider for Barrett Daffin Frappier Turner and Engel, LLP, the law firm that sent the notice to vacate to Rodriguez on behalf of its client, Citimortgage. She attested that she was "authorized to make this Affidavit on behalf of [the law firm] as attorneys for [Citimortgage]." Vaughan testified that she is the law firm's records custodian and the person with "care, custody, and control of *all records* concerning" the foreclosure and the forcible detainer suit against Rodriguez. (Emphasis added.) In other words, Vaughan indicated that she is the law firm's custodian of all its records related to this suit—records that the firm keeps for its client Citimortgage. Vaughan identified the fourteen pages attached to her affidavit as originals or exact duplicates of records from the foreclosure and forcible entry and detainer file kept by Citimortgage in the regular course of business. The fourteen pages consisted of several copies of the Notice to Vacate dated April 20, 2009, each with a cover page identifying the law firm as a debt collector, copies of two envelopes addressed to Rodriguez and bearing certified-mail labels and numbers and the handwritten notation "REFUSED," and two postal-service tracking sheets identifying those certified-mail receipt numbers as being "[r]efused, April 22, 2009, 11:06 am, TEMPLE, TX 76504."[4] Vaughan testified that these records "are kept by [Citimortgage] in the regular course of business, and it was in the regular course of business for an employee or representative of [the law firm], with knowledge of the act . . . recorded to make the record . . . and the record was made at or near the time or reasonably soon thereafter." She also attested that on April 20, 2009, the notice to

---

[4] Two copies of the notice are labeled with certified-mail numbers. These numbers correspond with the numbers on the copies of the envelopes and the numbers on the postal-service tracking sheets.

vacate was forwarded by certified mail, return receipt requested, and regular mail, postage prepaid to Rodriguez.[5]

The rules of evidence do not require that the qualified witness who lays the predicate for the admission of business records be their creator, be an employee of the same company as the creator, or have personal knowledge of the contents of the record—personal knowledge of the manner in which the records were kept will suffice. *See* Tex. R. Evid. 803(6), 902(10); *see also In re E.A.K.*, 192 S.W.3d at 142 (holding no abuse of discretion to admit document attested to as business record by state agency's employee when document was prepared by third-party contractor documenting study conducted on behalf of state agency). This case differs from those in which one company receives records created by another company and the receiving company then attempts to have its own employee authenticate the records as part of its own file, but does not provide any information indicating that the receiving company has knowledge of the predecessor's recordkeeping practices. *See, e.g.*, *Simien v. Unifund CCR Partners*, 321 S.W.3d 235, 240-45 (Tex. App.—Houston [1st Dist.] 2010, no pet.) (op. on reh'g) (conducting three-step analysis to determine whether documents created by third-party business were admissible as business records of different business when affiant did not state that he or anyone from his business had knowledge of third-party business's recordkeeping practices or of events or conditions memorialized in third-party business's records); *Riddle v. Unifund CCR Partners*, 298 S.W.3d 780, 783 (Tex. App.—El Paso 2009, no pet.) (holding affiant employed by subsequent purchaser of account not qualified to testify

---

[5] Section 24.005(f) of the property code provides that notice to vacate that is given by mail "may be by regular mail, by registered mail, or by certified mail, return receipt requested, to the premises in question." Tex. Prop. Code Ann. § 24.005(f) (West Supp. 2010).

about records created by prior creditor when affiant testified he had no personal information about how prior creditor obtained or input information). Here, although it is not clear from the affidavit whether it was the law firm or Vaughan's employer that created the notices and sent them out, it does not matter which company created the notices. Vaughan has testified that it is her role to keep all of the law firm's records of activities that it and its representatives conduct for its client Citimortgage and that the notices, which Vaughan testified were mailed out on April 20, 2009, are records from the firm's case file for Citimortgage's suit against Rodriguez. Thus, the record in this case supports the conclusion that the notice records were created by an employee or representative of the law firm under the supervision of the law firm on behalf of its client. *See In re E.A.K.*, 192 S.W.3d at 142. Vaughan's affidavit tracks the requirements of rule 803(6), and her testimony adequately shows the basis for her personal knowledge of the law firm's recordkeeping practices and the methods by which notice to vacate was provided to Rodriguez. *See Fleming*, 2010 WL 4812983, at *2-4 (holding no abuse of discretion for trial court to admit affidavit submitted by Fannie Mae to establish admissibility of notices to vacate sent out by its law firm when affiant was employee of law firm's affiliated service provider). We overrule Rodriguez's first point of error.

In her fourth point of error, Rodriguez asserts that the trial court erred in rendering judgment for Citimortgage because there was "no evidence" that Rodriguez had refused to vacate the property after demand was made. We reject that assertion. Among other things, Rodriguez has tacitly conceded that she has remained in possession of the property by continuing to prosecute appeals from and superseding lower court judgments awarding Citimortgage possession. If she had relinquished possession, her appeals regarding the parties' competing claims to possession would

11

be moot. *See Marshall v. Housing Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). We overrule Rodriguez's fourth point of error.

Finally, in her second point of error, Rodriguez asserts that there is no evidence supporting the judgment award of attorney's fees to Citimortgage. Citimortgage sought attorney's fees under section 24.006 of the property code, which states that "a prevailing landlord is entitled to recover reasonable attorney's fees from the tenant" if the landlord sends the tenant a written demand to vacate the premises by registered or certified mail at least ten days before the eviction suit is filed. Tex. Prop. Code Ann. § 24.006 (West 2000). The phrase "entitled to recover reasonable attorney's fees" denotes that the trial court has no discretion not to award reasonable attorney's fees. *See Bocquet v. Herring*, 972 S.W.2d 19, 20 (Tex. 1998). In general, the reasonableness of attorney's fees is a fact question. *Id.* at 21. Thus, the statute's requirement that the fees must be reasonable means that there must be legally and factually sufficient evidence that the fees awarded were reasonable. *See id.*; *Charette v. Fitzgerald*, 213 S.W.3d 505, 512 (Tex. App.—Houston [14th Dist.] 2006, no pet.).

As Rodriguez emphasizes, Citimortgage did not present any evidence at trial regarding either the amount of attorney's fees it incurred or their reasonableness. Indeed, the record is devoid of any mention of attorney's fees other than in Citimortgage's petition and the judgment itself. While not disputing this, Citimortgage insists that the trial court was nonetheless permitted to review the case file and take judicial notice of the amount of usual and customary attorney's fees, which are presumed reasonable. In support of this proposition, Citimortgage cites several cases that apply chapter 38 of the Texas Civil Practice and Remedies Code. Civil practice and remedies code

12

section 38.004 allows a trial court to take judicial notice of the usual and customary attorney's fees and the content of the file in a bench trial without receiving evidence, Tex. Civ. Prac. & Rem. Code Ann. § 38.004 (West 2008), and section 38.003 provides that the usual and customary fees are presumed reasonable "for a claim of the type described in Section 38.001," *id.* § 38.003 (West 2008). However, a forcible detainer action is not a claim of the type described in section 38.001 of the civil practice and remedies code. *Id.* § 38.001 (West 2008). We conclude, as do the majority of our sister courts, that chapter 38's principles regarding proof of attorney's fees do not apply beyond those categories of cases that the legislature has identified in section 38.001. *See Charette*, 213 S.W.3d at 515 (collecting cases standing for principle that "trial courts may not use section 38.004 to take judicial notice of the reasonableness of attorney's fees awarded under a statute other than section 38.001"). Consequently, we must conclude that Citimortgage failed to present legally sufficient evidence to support the amount of attorney's fees the trial court awarded, and we must reverse that portion of the judgment.

On the other hand, we conclude that Citimortgage did present evidence that it made demand as required under section 24.006 of the property code, thereby entitling it to *some* amount of attorney's fees. Accordingly, we remand Citimortgage's attorney's fee claim to the trial court for further proceedings. *See Uhl v. Uhl*, 524 S.W.2d 534, 538 (Tex. Civ. App.—Fort Worth 1975, no writ) (holding that amount of attorney's fees should be remanded to trial court when plaintiff is "clearly entitled to attorney's fees in some amount" but there was no proof at trial of amount). To this extent, we sustain Rodriguez's second point of error.

**CONCLUSION**

Having overruled Rodriguez's first, third, and fourth points of error, we affirm the portions of the trial court's judgment awarding possession of the property in question to Citimortgage. We sustain Rodriguez's second point of error to the extent of reversing the judgment award of attorney's fees and remanding that issue to the trial court for further proceedings.

_____

Bob Pemberton, Justice

Before Chief Justice Jones, Justices Puryear and Pemberton

Affirmed in part; Reversed and Remanded in part

Filed:   January 6, 2011