COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| CLAUDIA NAVARRETE, | § | |
| | | No. 08-08-00251-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 120th Judicial District Court |
| | § | |
| CURTIS H. WILLIAMS, | | of El Paso County, Texas |
| | § | |
| Appellee. | | (TC# 2006-4648) |
| | § | |

**O P I N I O N**

Ms. Claudia Navarrete appeals from a judgment awarding her $424.25 in past medical expenses related to injuries she sustained when Appellee rear-ended her vehicle. Ms. Navarrete raises three issues, two challenging the trial court's evidentiary rulings, and a third issue in which she contends the jury's failure to award damages in the face of uncontradicted testimony was against the great weight and preponderance of the evidence.

On January 5, 2006, Ms. Navarrete was driving eastbound on I-10 in the middle left lane. She approached an area of congestion where cars were stopped on the highway and was forced to stop herself. Mr. Williams was traveling behind Ms. Navarrete on I-10 and failed to timely stop thereby colliding into the rear of Ms. Navarrete's vehicle. Ms. Navarrete suffered injuries to her neck and back as a result of the accident.

She filed suit against Curtis Williams on October 20, 2006. Specifically, Ms. Navarrete alleged that she sustained bodily injuries, physical impairment, physical pain, and mental anguish that she will continue to suffer into the future, if not for the remainder of her life. Additionally,

Ms. Navarrete made claims for incurred and future medical expenses as well as lost wages.

The court submitted the case to the jury by a charge containing a single question asking what sum of money would fairly and reasonably compensate Ms. Navarrete. The jury awarded Ms. Navarrete $424.25 in damages, and the trial court entered judgment on the verdict, including prejudgment interest in the amount of $44.54 and court costs in the amount of $1,285.57 for a total recovery of $1,754.36. Ms. Navarrete filed a motion for new trial challenging the jury's failure to award adequate damaged in the face of conclusive evidence. The motion was overruled by operation of law.

Issues One and Two challenge the trial court's rulings excluding Dr. Boone's opinions regarding causation, future medical costs, and medical records. We review evidentiary rulings for an abuse of discretion. *Riddle v. Unifund CCR Partners*, 298 S.W.3d 780, 782 (Tex.App.--El Paso 2009, no pet.). A trial court abuses its discretion by making a ruling in an arbitrary, or unreasonable manner, without reference to guiding rules and principles of law. *Riddle*, 298 S.W.3d at 782. An appellate court must uphold an evidentiary ruling if there is any legitimate basis for the ruling. *Owens-Corning Fiberglas Corp. v. Malone*, 972 S.W.2d 35, 43 (Tex. 1998). Moreover, an erroneous evidentiary ruling will not serve as a basis for reversal unless the error probably caused the rendition of an improper judgment. *Malone*, 972 S.W.2d at 43.

In Issue One, Ms. Navarrete argues the trial court abused its discretion by excluding excerpts of Dr. Boone's trial deposition containing two subjects: (1) the doctor's expert opinions regarding the cause of Ms. Navarrete's neck and back pain; and (2) the doctor's expert opinion regarding future medical costs. With regard to the first topic, the trial court excluded the following exchange between Dr. Boone and Ms. Navarrete's attorney:

-2-

Q: Doctor I have a few more questions. [Defense counsel] was asking you about a prior injury. I want you to assume the following: That she had lifted a box at work, and that she complained of some pain in -- in the mid-back; that she saw a doctor, and -- and the doctor just took her off of work for -- for a couple of days, and that that was the extent of -- of her treatment. 'And that there was no studies that were done, because the -- because according to the -- the -- the note, the one-page note that we see on -- on that visit that the doctor did not believe it was necessary.'

What would that tell you about that incident that [Defense counsel] has been making reference to at work?

A. Then, I would --

[Defense counsel]: Object, form.

Witness: -- say that would be a -- a minor -- the more minor incident.

Q. [By Plaintiff's counsel] and would that indicate to you that there was any type of -- of -- of injury dealing with the neck area at -- at work?

[Defense counsel]: Object, form.

A. Say again.

Q. [By Plaintiff's counsel] Would that indicate to you that there was any problem with the neck area when -- when she -- when she lifted a box at work?

A. No. That would be low back.

[Defense counsel]: Object, speculation.

The trial court ruled on defense counsel's objections in a hearing immediately prior to opening statements. With regard to counsel's objections to this section of the doctor's testimony in particular, the trial court concluded the foundation and reliability of Dr. Boone's causation opinions had not been sufficiently established to permit the jury to hear the opinion, and that the excerpt contained an improper hypothetical posed by plaintiff's counsel. On these bases, the

-3-

court excluded the testimony. In its ruling, the court specifically referred to having previously sustained defense counsel's objections to additional questions regarding Ms. Navarrete's prior work injury on the basis that the record failed to establish that Dr. Boone had any knowledge of the prior injury or the associated medical records. Ms. Navarrete's brief does not contain a discussion of the admissibility of this prior testimony, nor argument that the trial court erred in excluding it.

As a general starting point to demonstrating its entitlement to relief on appeal, an appellant must attack all potential independent basis or grounds which support the adverse ruling at issue. *Fox v. Wardy*, 224 S.W 3d 300, 304 (Tex.App.--El Paso 2005, pet. denied). When an appellant fails to do so, the appellate court must affirm the ruling. *Britton v. Tex. Dept. of Criminal Justice*, 95 S.W.3d 676, 681 (Tex.App.--Houston [1st Dist.] 2002, no pet.). In this instance, Ms. Navarrete focuses her argument for the admissibility of Dr. Boone's opinion on the issue of reliability. However, even if we were to assume that the trial court abused its discretion by excluding the opinion due to a failure to establish its reliability or foundation, the issue remains whether the opinion was still subject to exclusion because it was in response to an improper hypothetical question. Because Ms. Navarrete has failed to address an alternative basis for the trial court's ruling, we have no choice but to affirm the court's ruling on that basis. *Wardy*, 224 S.W.3d at 304. Issue One is overruled with regard to the court's decision to exclude Dr. Boone's causation opinion.

With respect to future medical expenses, the trial court excluded the doctor's testimony that Ms. Navarrete's future epidural shots, which the doctor testified would be performed by an anesthesiologist, not an orthopedic specialist, would cost, "thousands" per injection

Ms. Navarrete argues the trial court abused its discretion by excluding this opinion testimony because defense counsel's objections; "speculation" and "non-responsive" were not proper deposition objections. She concludes that because defense counsel failed "to state the proper objections in accordance with [Rule 199.5(e), of] the Texas Rules of Civil Procedure," those objections were waived.

Rule 199.5(e) specifies that the objections to testimony during oral depositions are limited to "Objection, leading" and "Objection, form." TEX.R.CIV.P. 199.5(e). The rule further states that objections are waived if not stated appropriately during the deposition. *Id*. The rule also anticipates future consideration of the objections by the trial court, or that further objections should be withheld until trial. *See* TEX.R.CIV.P. 199.5(e). In this case, the trial court reviewed defense counsel's objections to Dr. Boone's testimony, heard further argument from the attorneys, and ruled on those objections outside the presence of the jury prior to opening statements. During the hearing, defense counsel offered additional argument and support for his objections, and plaintiff's counsel responded to those arguments. At no point during the hearing, did plaintiff's counsel argue that defense counsel waived any of his objections under Rule 199.5(e). As such, Ms. Navarrete's Rule 199.5(e) argument itself is waived, for purposes of appellate review, because the trial court was not given the opportunity to consider the argument. *See* TEX.R.APP.P. 33.1(a). Accordingly, the remainder of Issue One is overruled.

In Issue Two, Ms. Navarrete contends that the trial court abused its discretion by excluding five exhibits documenting her medical history and treatment for her injury. Four of the documents were excluded based on the trial court's determination that they were not produced in

accordance with discovery deadlines.[1]  The trial court excluded the fifth document, a letter

containing Dr. Boone's opinion that the collision caused Ms. Navarrete's neck and back pain, as

part of its prior decision regarding the foundation of Dr. Boone's causation opinion.[2]  We review

a trial court's rulings on evidentiary objections for an abuse of discretion.  *Riddle v. Unifund*

*CCR Partners*, 298 S.W.3d 780, 782 (Tex.App.--El Paso 2009, no pet.).  A trial court abuses its

discretion if its ruling is arbitrary, unreasonable, or without reference to guiding rules and

---

[1] These exhibits included:  (1) "Plaintiff's Exhibit 10"; (2) "Plaintiff's Exhibit 15"; (3)
"Plaintiff's Exhibit 16"; and (4) "Plaintiff's Exhibit 17."  Plaintiff's Exhibit 10 documents
Ms. Navarrete's examination at Montwood Medical Center on October 27, 2005.  According to
the record, Ms. Navarrete visited the clinic because she was experiencing back pain after lifting a
twenty pound box at work.  The treating physician diagnosed Ms. Navarrete with a strain in her
thoracic back, and recommended she treat the pain with hot and cold therapy at home;
"Plaintiff's Exhibit 15" is a medical evaluation note from the El Paso Orthopedic Surgery Group
dated 10/05/2006, stating that Ms. Navarrete had fallen several days earlier, but also noting that
her "original injury" occurred in January.  The physician recommended that she not work for one
week, at which time she would be reevaluated.  Plaintiff's Exhibit 16 is a letter from Dr. Boone
dated October 23, 2007, which states, in part:

> There is a possibility that [Ms. Navarrete] may need surgery in the future.
> Surgery, if needed, would be cervical spine or lumbar spine.

The letter also contains the doctor's opinion that such a procedure would cost $30,000- $35,000
per area of the spine operated on.  Plaintiff's Exhibit 17 is another medical evaluation note from
the El Paso Orthopedic Group dated 11/06/2007, in which Dr. Boone reported that Ms. Navarrete
expressed concerns that another individual had concluded her MRIs "read normal."  Dr. Boone
noted that he reviewed the images, and concluded they did not "read normal," and encouraged
Ms. Navarrete to bring the "normal" MRIs to him for further review.

[2] This note appears in the appellate record as "Plaintiff's Exhibit 21."  In relevant part,
Dr. Boone opined as follows:

> This patient is under my care for a chronic back problem.  I am recommending
> epidurals at the present time, and she may be a candidate for surgery in the future.

> The low back pain that this patient is suffering and her additional problem is a
> direct result of the January 5, 2006 accident.

principles of law. *See Riddle*, 298 S.W.3d at 782. Moreover, a judgment will not be reversed due to an erroneous evidentiary ruling unless the error probably caused the rendition of an improper judgment. *See id*.

Plaintiff's Exhibits 10, 15, 16, and 17 were produced for the first time after the parties deposed Dr. Boone on January 17, 2008. Mr. Williams filed written objections and a motion to strike on February 29, 2008, arguing in part that the documents were not timely produced in response to his November 2006 discovery requests. Mr. Williams argued, and Ms. Navarrete does not dispute, that the documents were subject to discovery requests served on Ms. Navarrete in November 2006. Those requests included, requests for production of all medical records related to any injury sustained by Ms. Navarrete within seven years of the incident which was the basis of the lawsuit, and all medical records and bills related to the injuries claimed in the lawsuit. Because the documents were not timely produced in response to the November 2006 requests, Mr. Williams argued that they were subject to the exclusionary sanction of Texas Rule of Civil Procedure 193.6(a). Texas Rule of Civil Procedure 193.6, mandates that discovery which is not timely disclosed is inadmissible as evidence unless the trial court determines that there was good cause for the failure to timely disclose and that the failure will not cause unfairly surprise or prejudice the opposing party. *See* TEX.R.CIV.P. 193.6(a). The rule places the burden to establish the exception on the proponent of the evidence. *See* TEX.R.CIV.P. 193.6(b).

Ms. Navarrete contends the exhibits were not subject to the exclusionary sanction on two basis. First, she contends she was relieved of her duty to provide the documents because Mr. Williams had the ability to acquire them at any time pursuant to the medical information release provided to him in December 2006. Second, she argues that the documents were timely

-7-

produced in accordance to Rule 193.5(b), which provides that a discovery response must be amended or supplemented "reasonably promptly" after the party discovers the need for such. TEX.R.CIV.P. 193.5(b). She continues by stating that the rules presume a response or supplement made less than thirty days prior to trial is not reasonably prompt. *See id*. Ms. Navarrete then concludes that because the documents at issue were produced more than thirty days before trial, they were produced "reasonably promptly" and not subject to exclusion. We will address each argument in turn.

There is no dispute in this case that Plaintiff's Exhibits 10, 15, 16, and 17 were subject to Mr. Williams's November 2006, discovery requests. Still, Ms. Navarrete contends that the documents were not produced late because Mr. Williams had access to any medical records he wished to request via the medical information release, which she executed in December 2006. Ms. Navarrete cites to Rule 194.2(j), for the proposition that a request for disclosure of medical information or records may be answered with such a release, and, in essence, concludes that no further response or supplementation is necessary. We disagree with Ms. Navarrete's interpretation of this provision.

Rule 194.2 defines the types of information which are subject to a request for disclosure. *See* TEX.R.CIV.P. 194.2. Paragraph (j) applies specifically to suits "alleging physical or mental injury" and permits the discovering party to request an authorization permitting the disclosure of medical records and bills in lieu of the disclosure of the documents themselves. *See* TEX.R.CIV.P. 194.2(j). Rule 194.2, as a whole is directed toward a party requesting discovery, and, in turn, makes no reference to the limitations or requirements placed on the answering party. *See* TEX.R.CIV.P. 194.2. In addition, Ms. Navarrete fails to cite to, and we have been unable to

locate, case law holding that Rule 194.2(j) gives a claimant the ability to relieve herself of the duty to answer and amend or supplement discovery by executing a medical records authorization. As such, we conclude the trial court did not abuse its discretion by overruling this argument.

We now turn to Ms. Navarrete's argument that Exhibits 10, 15, 16, and 17 were not inadmissible under Rule 193.6, because she produced them more than thirty days before trial. In support of this argument she cites to Rule 193.5(b), which states in relevant part: "it is presumed that an amended or supplemental response made less than 30 days before trial was not made reasonably promptly." TEX.R.CIV.P. 193.5(b). In essence, Ms. Navarrete contends that because a discovery supplement made less than thirty days before trial is presumed to be untimely, that the opposite presumption must also apply. We disagree. If the opposite presumption had been intended, it would have been included in the language of the provision. *See Snider v. Stanley*, 44 S.W.3d 713, 715 (Tex.App.--Beaumont 2001, pet. denied). Because no such language appears in the provision, we conclude the trial court did not abuse its discretion by excluding Plaintiff's Exhibits 10, 15, 16, and 17. Issue Two is overruled as to the first group of documents.

In the second part of Issue Two, Ms. Navarrete summarily contends the trial court abused its discretion by excluding Plaintiff's Exhibit 21, which contained Dr. Boone's opinion that her injuries were caused by the collision. However, because the contention is not supported by cognizable legal argument, or citation to appropriate authorities, the argument is waived. *See* TEX.R.APP.P. 38.1(i). In addition, to the extent this argument is based on the arguments presented in Issue One, related to Dr. Boone's causation opinion, the argument must be overruled pursuant to our previous discussion. Accordingly, Ms. Navarrete has not demonstrated that the trial court abused its discretion by excluding Plaintiff's Exhibit 21, and the remainder of Issue

-9-

Two is overruled.

In Issue Three, Ms. Navarrete challenges the factual sufficiency of the jury's damages award. When the party who bore the burden of proof on an issue at trial challenges the factual sufficiency of a finding on that issue, the appropriate complaint is that the adverse finding is, "against the great weight and preponderance of the evidence . . . ." *Tate v. Tate*, 55 S.W.3d 1, 5 (Tex.App.--El Paso 2000, no pet.). We must first examine the record to determine if there is some evidence to support the finding; if so, then we must determine whether the failure to find is so contrary to the overwhelming weight and preponderance of the evidence as to be clearly wrong and manifestly unjust. *Marrs & Smith P'ship v. D.K. Boyd Oil & Gas Co., Inc.*, 223 S.W.3d 1, 14 (Tex.App.--El Paso 2005, pet. denied). We will not interfere with the fact finder's resolution of conflicts in the evidence, or its determination of the weight and credibility attributed to witness testimony, as these determinations are generally considered conclusive. *Tate*, 55 S.W.3d at 5.

The jury charge included a single question which asked the jury to determine how much money would compensate Ms. Navarrete for her injuries. The jury was asked to consider awards for past medical expenses, future medical expenses, past physical pain, future physical pain, past physical impairment, future physical impairment, past lost earnings, and future lost earnings. The jury awarded Ms. Navarrete $424.25 for reasonable and necessary medical expenses. This amount represents the amount billed by Physician's Hospital's ER for Ms. Navarrete's visit, x-rays, and neck splint, immediately following the collision, admitted into evidence as Plaintiff's Exhibit 5. This was the only monetary award included in the verdict.

Ms. Navarrete frames her argument on this point in-terms of Mr. Williams concession

that he caused the auto collision. Although the record does contain such a concession related to the accident itself, the disputed issue at trial was the extent to which the collision caused Ms. Navarrete's ongoing pain. Without regard to the conflicting evidence regarding the cause of Ms. Navarrete's pain, she concludes that because Mr. Williams conceded responsibility for the collision, the jury had no discretion but to render a verdict compensating her for all the medical expenses, pain, impairment, and lost earnings related to her neck and back pain.

The evidence before the jury on the issue of the source of Ms. Navarrete's back pain included: (1) evidence that she was involved in a rear-end automobile collision on January 5, 2006; (2) evidence that she was diagnosed with a sprain in her cervical spine following the accident, and that she was not experiencing any additional pain or weakness; (3) evidence that she suffered a work-related injury to her lower back while lifting a twenty pound box, a few months prior to the accident; (4) evidence that an EMG test, ordered by Dr. Boone to determine if Ms. Navarrete suffered any neurological damage following the collision indicated she was neurologically sound; (5) Dr. Boone's opinion that Ms. Navarrete had degenerative changes in her upper spine which pre-dated the accident; (6) evidence that Ms. Navarrete returned to work following her maternity leave, and worked full time until October 2006; (6) evidence that Ms. Navarrete suffered a fall in October 2006; and (7) Ms. Navarrete's testimony that she was no longer working at the time of trial, at least in part, due to ongoing pain from the October 2006 fall. Based on this evidence, we conclude there is evidence to support the jury's decision to limit Ms. Navarrete's recovery to those medical expenses incurred directly after the collision. Furthermore, the jury's failure to award other damages is not against the great weight and preponderance of the evidence. Accordingly, we overrule Issue Three.

Having overruled all of Appellant's issues, we affirm the trial court's judgment.


March 16, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Gomez, Judge
Gomez, Judge (Sitting by Assignment)