**Opinion issued December 23, 2025**



In The

# Court of Appeals

For The

# First District of Texas

————————————

## NO. 01-24-00105-CV

————————————

**PAULA A. MOTT, Appellant**

**V.**

**CATHY HELM, BY AND THROUGH HER INDEPENDENT CO-EXECUTORS, CARRIE HARD AND AMY BERGH, Appellee**

On Appeal from County Civil Court at Law No. 2
Harris County, Texas
Trial Court Case No. 1184246

## MEMORANDUM OPINION

This appeal arises out of a judgment on a jury verdict for the plaintiffs-appellees in a suit for money had and received. Late in life, not too long before her death, Cathy Helm wrote a dozen checks totaling nearly $100,000 to her neighbor, Paula A. Mott. Helm's daughters, Carrie Hard and Amy Bergh, sued Mott

on their mother's behalf (and later on behalf of her estate after she passed), alleging that Mott obtained this money by taking advantage of an elderly woman with reduced cognitive abilities. The jury that heard the case agreed with Helm's daughters, awarding compensatory and exemplary damages. The trial court rendered judgment on the jury's verdict.

Mott appeals, representing herself without the assistance of a lawyer.[1] In several issues, she asserts that we must reverse the trial court's judgment. Among other complaints, Mott argues that Hard and Bergh lack the standing or capacity to assert a claim for money had and received under the circumstances of this case. She also raises complaints about the jury charge, factual sufficiency of the evidence, remarks made by opposing counsel in front of the jury, exclusion of her trial exhibits, and the denial of or refusal to hear her motions, including one for a new trial.

On the record before us, we reject Mott's standing and capacity arguments as well as her other appellate complaints. Thus, we affirm the trial court's judgment.

---

[1] Mott was represented below by counsel for a time. But with Mott's consent, the trial court allowed her counsel to withdraw from the representation two months before trial due to her nonpayment of attorney's fees. Mott represented herself at trial and continues to do so on appeal. Consistent with our supreme court's precedent, we hold her to the same rules as all other litigants but construe her appellate brief with liberality and patience. *See Goldstein v. Sabatino*, 690 S.W.3d 287, 295 (Tex. 2024).

# BACKGROUND

During the last year and a half or so of her life, Helm wrote twelve checks to Mott for $94,500 in total. Helm's daughters, Hard and Bergh, sued on their mother's behalf (initially as her agents acting under a power of attorney and later as the co-executors of their mother's estate after she passed away), contesting the validity of these transfers. They alleged Mott took advantage of Helm, who was elderly and whose mental health was deteriorating. In their live pleading at trial, they asserted causes of action against Mott for money had and received, conversion, and theft.

Mott denied any wrongdoing. She claimed that Helm wrote eleven of the twelve checks to her as gifts, owing to the close friendship they developed as neighbors. Mott said the remaining check, which was for $10,000, was a loan.

The case was tried to a jury. Of the three causes of action pleaded, the court submitted only money had and received for the jury's consideration. The jury found for Helm's estate on this cause of action, awarding it $94,000 in compensatory damages ($94,500 minus $500 that Mott paid back to Helm before Helm passed away). In addition, the jury found by clear and convincing evidence that Mott acted with malice, engaged in fraud, or was grossly negligent. Based on this additional finding, the jury awarded another $75,000 to Helm's estate in exemplary damages.

The trial court rendered judgment in accordance with the jury's verdict.

## DISCUSSION

**I.      Helm had, and her estate presently has, standing to sue for money had and received, and Mott waived any complaint about capacity.**

Mott asserts that Helm's daughters lack standing or capacity to bring this suit. As an initial matter, she argues the money she received from Helm originated from a trust, and that, under the trust, when Helm passed away the trust dissolved and all trust property went to designated beneficiaries who are not Helm's daughters. Mott says these circumstances deprive Helm's daughters of the authority to recover this money.

Assuming for argument's sake that Mott's description of the trust's terms is accurate (the trust document is not in the record), her position nonetheless lacks merit. The record shows the money at issue was transferred to Mott by checks written *on Helm's bank accounts*, not from the trust. Whether the money in Helm's accounts originally came from the trust is immaterial. Once this money was distributed from the trust to Helm, it ceased to be trust property and became her personal property. *See* TEX. PROP. CODE § 111.004(17) (trust property is property placed in trust or otherwise transferred to, acquired by, or retained by trustee for trust); *Casillas v. Cano*, 79 S.W.3d 587, 589 (Tex. App.—Corpus Christi–Edinburgh 2002, no pet.) (citing statute for proposition that trust property is "property contained in the trust"). Thus, this money was not trust property and was not subject to the trust's terms.

Beyond this, the gravamen of this suit is that Mott obtained money from Helm through chicanery of one sort or another and that fairness thus requires the money to be returned to Helm (later her estate after she passed). A conventional claim for loss of money like this involves the kind of concrete injury sufficient to confer standing on a plaintiff, like Helm, who sues for money had and received. *See Mosaic Baybrook One, L.P. v. Simien*, 674 S.W.3d 234, 251 (Tex. 2023).

Moreover, whether Helm's daughters are entitled to any of the money at issue does not impact standing. They first sued Mott on behalf of Helm as her agents under a power of attorney and then as the personal representatives of Helm's estate. Here, Helm and her estate are the proper focus of any inquiry into standing. *See In re Bridgestone Americas Tire Operations, LLC*, 459 S.W.3d 565, 573 (Tex. 2015) (in suit by next friend, real party plaintiff is party on behalf of whom suit is brought, not next friend); *Austin Nursing Ctr., Inc. v. Lovato*, 171 S.W.3d 845, 849–50 (Tex. 2005) (survival action belongs to decedent, and her estate has justiciable interest that confers standing).

Any complaint about the daughters' authority to sue on Helm's behalf under the power of attorney or as personal representatives of Helm's estate concerns capacity, not standing. *See Austin Nursing Ctr.*, 171 S.W.3d at 849–50 (authority to represent decedent's estate is question of capacity); *Rodarte v. Investeco Grp., L.L.C.*, 299 S.W.3d 400, 406 (Tex. App.—Houston [14th Dist.] 2009, no pet.)

5

(authority under power of attorney is question of capacity); *see also Intracare Hosp. N. v. Campbell*, 222 S.W.3d 790, 795 (Tex. App.—Houston [1st Dist.] 2007, no pet.) (lack of capacity has no bearing on jurisdiction). But Mott has waived any complaints about capacity by failing to assert them in a verified pleading, as is required under Texas law. *See* TEX. R. CIV. P. 93(1); *Ray Malooly Tr. v. Juhl*, 186 S.W.3d 568, 571 (Tex. 2006).

We overrule Mott's appellate issues concerning standing and capacity.

## II. None of Mott's other appellate complaints are meritorious.

### A. Mott did not preserve her jury-charge complaint about conversion elements.

Mott argues the trial court erred in submitting a jury charge that omitted the elements of conversion. But during the charge conference, Mott said that she had no objection to the trial court's jury charge. And the record does not show that she requested other questions or instructions. So, she has not preserved her complaint for our review. *See* TEX. R. CIV. P. 272, 274, 278; TEX. R. APP. P. 33.1(a)(1).

### B. Mott's factual-sufficiency challenge as to conversion fails as well.

Mott argues the evidence is factually insufficient to prove conversion. But as noted above, the only theory submitted to the jury was money had and received—not conversion.

When, as here, there has been no objection to the jury charge, we must measure the sufficiency of the evidence by the charge. *Green v. Dallas Cnty. Schs.*,

537 S.W.3d 501, 506 (Tex. 2017). Claims for money had and received and conversion generally require different proof. *See Senior Care Living VI, LLC v. Preston Hollow Cap., LLC*, 695 S.W.3d 778, 816–17 (Tex. App.—Houston [1st Dist.] 2024, pet. denied) (summarizing elements of both claims). And because they generally require different proof, factual insufficiency as to conversion generally does not impact the sufficiency of the evidence as to money had and received.

We note, however, that conversion and money had and received do share one element of proof in common: both claims require proof that the money transferred to Mott belonged to Helm. *See id.* (conversion requires proof of ownership, and money had and received requires proof that property in fairness belonged to plaintiff). So that element *was* submitted to the jury. But we reject Mott's argument in that regard because ample evidence supports the jury's finding that the disputed money belonged to Helm:

- Helm, then in her late 70s, wrote checks totaling $94,500 to Mott (a neighbor) during the last year-and-a-half or so of Helm's life;

- Carol Waldroup, a financial consultant who assisted Helm, testified that Helm exhibited confusion and memory loss during this timeframe, did not recall writing all these checks, and expressed shock that she had;

- Helm's daughters also testified that their mother became more forgetful in the last couple years of her life and that their mother expressed shock, confusion, and fear when asked about the checks in question; and

- Helm's daughters further testified that their mother needed the money at issue due to her declining health and need for assisted-living care.

7

In her defense, Mott testified she neither asked for nor needed the $94,500. She explained that Helm nonetheless gifted all but $10,000 of this amount to her out of friendship, with the remaining $10,000 being a loan from Helm to Mott.

On this record and given the jury's prerogative to weigh the conflicting evidence and evaluate the credibility of the witnesses, the jury's finding that Mott held money that in equity and good conscience belonged to Helm is not against the great weight and preponderance of the evidence. *See id.* (money had and received requires this proof as prerequisite to recovery); *see also Windrum v. Kareh*, 581 S.W.3d 761, 781 (Tex. 2019) (evidence factually insufficient when jury's finding is so against great weight and preponderance of evidence as to be manifestly unjust, shock conscience, or clearly show bias); *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003) (jury is sole judge of the credibility of witnesses and jury decides what weight testimony merits). Thus, the evidence is factually sufficient as to the lone element of money had and received the Mott implicitly challenges (the single element shared by claims for conversion and money had and received).

As the elements of claims for conversion and money had and received are otherwise dissimilar, even if the evidence is insufficient to prove the other elements of conversion as Mott argues, this insufficiency does not affect the factual sufficiency of the evidence to support the jury's verdict for money had and received.

**C. Mott did not preserve her complaint about opposing counsel's characterization of her as a "scammer," and even if she had, on this record, she has not shown it is reasonably probable that the verdict is based on any such statement, rather than the evidence.**

Mott next argues the trial court erred by allowing opposing counsel to disparage her as a "scammer" and the like before the jury.[2] But Mott does not support her argument with record citations as to specific instances. Nor does she cite the record to show that she objected to these remarks when they were made, and we have not found any such objection by Mott in our review of the record. Finally, Mott does not cite any authority supporting her implicit contention that remarks of this kind made during jury selection, opening statements, or closing arguments are incurable—and thus not subject to ordinary error-preservation requirements—when, as here, the crux of a plaintiff's case is that the defendant took money from another by unscrupulous means. Counsel's characterization of Mott as a "scammer" is consistent with the theory of the case that Helm's daughters tried to the jury: that Mott manipulated Helm, an elderly woman whose mental capacity was waning.

On this record, Mott waived this complaint by failing to object below. *See* TEX. R. APP. P. 33.1(a)(1) (objection in trial court required to preserve error); *Phillips v. Bramlett*, 288 S.W.3d 876, 883 (Tex. 2009) (complaint about improper

---

[2] Mott represents that opposing counsel referred to her "as a scammer, a swindler, a predator and other defamatory names and phrases." But the words "swindler" and "predator" do not appear anywhere in the trial transcript.

9

argument generally must be preserved by objection and request for instruction to disregard). She also failed to properly brief this complaint here. *See* TEX. R. APP. P. 38.1(i) (citations to record and authorities required); *Walker v. Eubanks*, 667 S.W.3d 402, 408 (Tex. App.—Houston [1st Dist.] 2022, no pet.) (waiver due to lack of substantive argument and citations to record and authorities).

But even if Mott had preserved error and properly presented the argument, and if we assume for argument's sake that counsel's characterization of her as a "scammer" was improper, reversal would still be inappropriate on this record. Reversal is warranted only when the probability that the improper argument caused harm exceeds the probability that the verdict was grounded in proper proceedings and the evidence. *Jones v. Republic Waste Servs. of Tex., Ltd.*, 236 S.W.3d 390, 401 (Tex. App.—Houston [1st Dist.] 2007, pet. denied).

On this record, the jury heard ample evidence that supports its verdict. Thus, it is unlikely that the jury's verdict turned on opposing counsel's characterization of Mott, as opposed to the evidence.

### D. The trial court did not abuse its discretion in excluding Mott's trial exhibits, and Mott has not shown that their exclusion would constitute reversible error.

The trial court excluded Mott's trial exhibits because Mott did not timely file them in advance of trial. Mott argues the trial court erred in excluding her trial exhibits. But on appeal she does not argue that she filed her exhibits by the deadline

10

set by the trial court. Instead, Mott complains about the extent of notice of the filing deadline from the trial court's court coordinator.

In general, a trial court does not abuse its discretion by excluding trial exhibits that were not timely designated, exchanged, filed, or produced. *See, e.g.*, *Navarrete v. Williams*, 342 S.W.3d 116, 121–22 (Tex. App.—El Paso 2011, no pet.) (no abuse of discretion in excluding exhibits party did not timely produce in response to discovery request); *see also King Fisher Marine Serv., L.P. v. Tamez*, 443 S.W.3d 838, 846 (Tex. 2014) ("Trial courts can and should encourage adherence to their deadlines."). Given that Mott does not dispute that she did not timely file her exhibits and does not explain her failure to timely file them (beyond her status as a pro se litigant),[3] she has not shown that the trial court abused its discretion in excluding her exhibits.

In any event, even if we assume the trial court abused its discretion for argument's sake, Mott does not explain how her exhibits could have altered the jury's deliberations or its verdict. We cannot reverse the trial court's judgment under these circumstances because an error is not grounds for reversal unless it "probably caused the rendition of an improper judgment." TEX. R. APP. P. 44.1(a)(1); *see*

---

[3] Mott's untimely exhibits were not voluminous. She does not explain how her status as a pro se litigant kept her from meeting the deadline. Precedent "ordinarily requires pro se litigants to comply with the same rules as parties represented by counsel." *Nguyen v. Kuljis*, 414 S.W.3d 236, 245 (Tex. App.—Houston [1st Dist.] 2013, pet. denied).

11

*Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 812 (Tex. 2010) ("The exclusion of evidence is reversible error if the complaining party shows that the trial court committed error that probably caused the rendition of an improper judgment.").

**E.    The trial court did not err by not granting Mott's motion for new trial.**

Mott argues that evidence discovered after trial requires a new trial. We construe her argument as an assertion that the trial court erred by not granting her new-trial motion. As an appellate court, we may consider this newly discovered evidence only if it was raised in a motion for new trial. TEX. R. CIV. P. 324(b)(1).

But Mott did not timely move for a new trial below. The trial court signed its judgment on December 19, 2023, and any motion for new trial was due within 30 days of that date. *See* TEX. R. CIV. P. 329b(a). The notice of electronic filing for the new-trial motion at issue, which is included in the appellate record, shows that Mott filed it after the 30-day deadline. Thus, the trial court did not err by not granting Mott's untimely motion for new trial because the trial court's plenary power had already expired when Mott filed the motion. *See* TEX. R. CIV. P. 329b(d), (e); *In re Elizondo*, 544 S.W.3d 824, 829 (Tex. 2018) (court cannot alter judgment except to correct clerical errors after its plenary power expires 30 days after judgment).

**F.      Finally, Mott waived her complaint about the denial of other, unidentified motions.**

Mott argues that the trial court erred in denying her motions and in refusing to hear argument on motions. But she does not identify any specific motion or support this argument with citations to the record or authority.

To be clear, Mott does not identify the particular motions at issue. She does not identify the standard of review that governs these unidentified motions. Nor does she refer us to the relevant portions of the record—or state substantive arguments or cite supporting authority. Even construing her pro se briefing liberally, Mott has waived her complaint about the denial of these motions. *See* TEX. R. APP. P. 38.1(f), (h), (i) (brief must include concise statement of issue, clear summary of argument, clear argument, and appropriate citations to record and authority); *see also Bertucci v. Watkins*, 709 S.W.3d 534, 542 n.9 (Tex. 2025) (appellate rules do not oblige court of appeals "to allow a party an additional bite at the briefing apple"); *Mitschke v. Borromeo*, 645 S.W.3d 251, 261 n.17 (Tex. 2022) (briefs must be construed liberally but reasonably to prevent waiver of right to appeal but "complete failure to preserve an issue may leave a court no choice but [to] deem it waived").

**CONCLUSION**

We affirm the trial court's judgment.

                                              Jennifer Caughey
                                              Justice

Panel consists of Justices Rivas-Molloy, Gunn, and Caughey.