Sandra **SHUTTER**, Appellant,

v.

**WELLS FARGO BANK, N.A.,** Appellee.

No. 05–09–00639–CV.

Court of Appeals of Texas, Dallas.

July 21, 2010.

Michael Brinkley, Brinkley Law PLLC, Ft. Worth, TX, for Appellant.

Robert F. Maris, Michael J. McKleroy, Jr., Maris & Lanier, P.C., Robert S. Alcorn, Dallas, TX, for Appellee.

Before Justices RICHTER, LANG–MIERS, and MYERS.

## OPINION

Opinion By Justice MYERS.

This Court's opinion of June 28, 2010 is withdrawn on our own motion and this Court's judgment of that date is vacated. The following is now the opinion of this Court. Appellant Sandra Shutter appeals from the trial court's judgment awarding possession of a property located at 500 Bowie Street, Forney, Texas 75126, to appellee Wells Fargo Bank, N.A. In two issues, appellant argues the trial court erred in hearing the case and rendering judgment because (1) appellee's pleading is invalid and (2) the deed tendered to the court by appellee was insufficient to support a prima facie claim of title. We affirm the trial court's judgment.

### BACKGROUND AND PROCEDURAL HISTORY

On May 29, 2001, appellant executed a deed of trust granting North American Mortgage Company a first lien security interest in a property located at 500 Bowie Street, Forney, Texas 75126 (the property). Paragraph eighteen of the deed of trust provided in part:

> If the property is sold pursuant to [a non-judicial foreclosure sale], Borrower or any person holding possession of the Property through Borrower shall immediately surrender possession of the Property to the purchaser at that sale. If possession is not surrendered, Borrower or such person shall be a tenant at sufferance and may be removed by writ of possession.

On November 25, 2003, appellant entered into a loan modification agreement that modified the provisions of the deed of trust. The loan modification modified the payment terms, interest rate, and terms of deed of trust. Paragraph eighteen of the deed of trust, however, was not altered.

On October 7, 2008, the property was sold at a non-judicial foreclosure sale. On that date, a substitute trustee's deed was executed conveying the property to appellee. On October 14, 2008, appellee provided appellant, along with the other occupants of the property, with written notice to vacate the property. That appellant did not vacate the property is not disputed.

On October 28, 2008, appellee filed suit in a Kaufman County justice of the peace court seeking forcible entry and detainer. Appellant answered and filed a plea in abatement arguing, among other things, that the petition was not properly sworn by appellee's trial counsel because the verification attached to the petition did not attest that counsel had "actual personal knowledge of the factual allegations contained within the Petition for Forcible Detainer."

On appeal to the county court at law, appellee presented evidence supporting its petition. Before hearing that evidence, the court overruled the plea in abatement. Judgment granting appellee possession of the property was signed on April 3, 2009. Appellant filed a notice of appeal on April 29, 2009. Other than appellant, none of the other occupants of the property appealed the trial court's decision.

### DISCUSSION

#### First Issue

In her first issue, appellant argues that appellee's petition on file with the court at the time of trial "was not a valid pleading which even required [appellant's] answer" because the petition was not properly sworn by appellee's trial counsel. In the challenged verification, appellee's counsel stated: "I have read the foregoing Original Petition for Forcible Detainer and to the best of my personal knowledge, the facts stated therein are true and correct." [1] Appellant also argues that this defect, which was raised in the court prior to trial, is "jurisdictional and may be raised at any time."

In a recent case, the Texarkana Court of Appeals concluded that an affidavit attached to an amended sworn complaint for a forcible entry and detainer action was not sufficiently based on "personal knowledge" as required to support its verification, because the affiant averred he had read the complaint and that, "to the best of my personal knowledge," the facts stated therein were true and correct. The court noted, however, that the defective verification did not deprive the county court of jurisdiction to hear the forcible detainer action. *See Reagan v. NPOT Partners I, L.P.*, No. 06-08-00071-CV, 2009 WL 763565, at *2-3 (Tex.App.-Texarkana 2009, pet. denied) (mem. op.). Therefore, to the extent appellant is raising a jurisdictional challenge, the argument is overruled. *See id.*

The *Reagan* court also considered a plea in abatement similar to the one filed in this case. We review the county's court's decision on the plea in abatement under an abuse of discretion standard. *Id.* at *5 (citing *Wyatt v. Shaw Plumbing Co.*, 760 S.W.2d 245, 248 (Tex.1988)); *Brown v. Bowers*, No. 05-07-00136-CV, 2008 WL

---

**1.** Appellee filed an amended petition for forcible detainer that used the same wording in the verification.

2152889, at *2 (Tex.App.-Dallas May 22, 2008, no pet.) (mem. op.). A plea in abatement challenges a plaintiff's pleading by asserting facts outside of the record that prevent the suit from going forward until the problem can be cured. *Id.* (citing *Brown,* 2008 WL 2152889, at *2); *see also Morgan v. City of Alvin,* 175 S.W.3d 408, 421 (Tex.App.-Houston [1st Dist.] 2004, no pet.); *KSNG Architects, Inc. v. Beasley,* 109 S.W.3d 894, 898 (Tex.App.-Dallas 2003, no pet.). In the plea in abatement, the defendant must identify any impediment to the continuation of the suit, identify an effective cure, and ask the court to abate the suit until the defect is corrected. *See Morgan,* 175 S.W.3d at 421; *Reagan,* 2009 WL 763565, at *5. The plea in abatement cannot be used to determine the merits of an action. *See KSNG Architects,* 109 S.W.3d at 898; *Reagan,* 2009 WL 763565, at *5. The *Reagan* court determined that, even if the county court erred in overruling the plea in abatement, the appellant failed to brief or otherwise demonstrate harm. *See Reagan,* 2009 WL 763565, at *6 n. 3.

Applying these principles, we note that, in the present case, as in *Reagan,* appellant did not allege or explain how a defective verification was an impediment to the court's determination of immediate possession, and she did not demonstrate harm. As a result, the trial court did not err in denying appellant's motion to abate. We overrule appellant's first issue.

***Second Issue***

■ In her second issue, appellant argues that the deed entered into evidence by appellee was not sufficient to support a prima facie claim of title. Specifically, appellant argues that the affidavit accompanying the substitute trustee's deed was invalid because paragraphs four and five of the affidavit were not based on personal knowledge in that the affiant averred the statements in those paragraphs were true "[t]o the best of my knowledge and belief." [2] Appellant therefore contends that appellee did not demonstrate compliance with section 51.002(e) of the Texas Property Code, which states that, in establishing that the debtor was served with notice of foreclosure, "the affidavit of a person knowledgeable of the facts to the effect that service was completed is prima facie evidence of service." *See* Tex. Prop.Code Ann. § 51.002(e) (Vernon Supp. 2009).

■ A forcible detainer action is a procedure to determine the right to immediate possession of real property where there was no unlawful entry. *Glen Williams v. Bank of New York Mellon,* 315 S.W.3d 925, 926 (Tex.App.-Dallas 2010, no pet. h.) (mem. op.) (citing *Rice v. Pinney,* 51 S.W.3d 705, 709 (Tex.App.-Dallas 2001, no pet.)). It is intended to be a speedy, simple, and inexpensive means to obtain possession without resort to an action on the title. *Id.* (citing *Scott v. Hewitt,* 127 Tex. 31, 35, 90 S.W.2d 816, 818–19 (1936)). To maintain simplicity, the applicable rule of procedure provides that "the

**2.** The challenged portions of the affidavit read as follows:

4. To the best of my knowledge and belief, proper notice of default was served prior to acceleration of the indebtedness. All obligations and duties of the Mortgage Servicer were performed in the manner required by law and all notices were served on each debtor at the last known address of each debtor.

5. To the best of my knowledge and belief, the mortgagors holding an interest in the above described property were not on active duty with any branch of the Armed Forces of the United States or were not protected by the Servicemembers Civil Relief Act on the date of the Trustee's Sale and were alive on the date of such sale.

only issue shall be as to the right to actual possession; and the merits of the title shall not be adjudicated." TEX.R. CIV. P. 746; *Glen Williams,* 315 S.W.3d at 927. The only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Glen Williams,* 315 S.W.3d at 926 (citing *Rice,* 51 S.W.3d at 709). Whether the sale of property under a deed of trust is invalid may not be determined in a forcible detainer and must be brought in a separate suit. *Id.* (citing *Scott,* 127 Tex. at 35, 90 S.W.2d at 818–19; *Rice,* 51 S.W.3d at 710).

In this case, appellee proved its right to possession of the property by presenting in evidence the substitute trustee's deed, the deed of trust, and notices to appellant and the other residents of the property to vacate. The substitute trustee's deed showed appellee purchased the property in a public auction following appellant's default on the deed of trust.[3] The deed of trust showed appellant was a tenant at sufferance when she did not vacate the property after appellee purchased it. The notice to vacate informed appellant of her tenant-at-sufferance position and appellee's requirement that she vacate the property. This evidence was sufficient to establish appellee's right to immediate possession of the property. *See Glen Williams,* 315 S.W.3d at 926 (citing *Mitchell v. Citifinancial Mortg. Co.,* 192 S.W.3d 882, 883 (Tex.App.-Dallas 2006, no pet.); *Powelson v. U.S. Bank Nat'l Ass'n,* 125 S.W.3d 810, 812 (Tex.App.-Dallas 2004, no pet.)). Any defects in the foreclosure process or with appellee's title to the property may not be considered in a forcible detainer action. *Id.* Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but

they are not relevant in this forcible detainer action. *Id.* (citing *Scott,* 127 Tex. at 35, 90 S.W.2d at 818–19; *Rice,* 51 S.W.3d at 710–11). Accordingly, we conclude that the trial court did not err in granting judgment for appellee. We overrule appellant's second issue.

We affirm the trial court's judgment.

3. We also note that appellant's trial counsel stated on the record that "[t]here are no objections" to the admission of the substitute trustee's deed, which was admitted as plaintiff's exhibit one.