

# COURT OF APPEALS

**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-11-00376-CV

ROBERT C. STEPHENS, JR.                                APPELLANT

V.

KEVIN WILLIAMS                                                APPELLEE

----------

## FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

----------

## MEMORANDUM OPINION[1]

----------

This is an appeal from a judgment of possession in a forcible detainer action. In his sole issue, appellant Robert C. Stephens, Jr. contends that the trial court abused its discretion by concluding that appellee Kevin Williams was only required to give Stephens three days' notice prior to filing this action. We will affirm.

---
[1]*See* Tex. R. App. P. 47.4.

The facts of this case are not in dispute. Williams purchased the property in question at a tax foreclosure sale on March 2, 2011. Prior to the foreclosure, Stephens was the owner of the property. After Williams purchased the property, Stephens continued to reside at the property. Williams gave Stephens written notice to vacate the property on June 15, 2011. Williams later filed this forcible detainer action on June 27, 2011.

The issue in this case is whether the trial court erred by finding that Williams gave sufficient notice to Stephens prior to filing this action. Stephens contends that he was entitled to thirty days' notice. *See* Tex. Prop. Code Ann. § 24.005(b) (West Supp. 2012) ("If a building is purchased at a tax foreclosure sale or a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the purchaser must give a residential tenant of the building at least 30 days' written notice to vacate if the purchaser chooses not to continue the lease."). Williams argues that the trial court correctly found that he had given Stephens the statutorily required three days' notice for a tenant by sufferance. *See id.* ("If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit."). We agree with Williams.

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *See Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd

w.o.j.).  In a forcible detainer action, the only issue for the trial court to determine is which party has the immediate right to possession of the property.  Tex. R. Civ. P. 746; *Williams v. Bank of New York Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).  The action is intended to be a speedy, simple, and inexpensive means to obtain possession without resorting to an action on the title.[2]  *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006).  Proper notice is an element of forcible detainer.  *See* Tex. Prop. Code Ann. § 24.002 (West 2000)*,* § 24.005 (West Supp. 2012).

Subsection 24.005(b) of the Texas Property Code reads:

> If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible detainer suit unless the parties have contracted for a shorter or longer notice period in a written lease or agreement.  If a building is purchased at a tax foreclosure sale or a trustee's foreclosure sale under a lien superior to the tenant's lease and the tenant timely pays rent and is not otherwise in default under the tenant's lease after foreclosure, the purchaser must give a residential tenant of the building at least 30 days' written notice to vacate if the purchaser chooses not to continue the lease.  The tenant is considered to timely pay the rent under this subsection if, during the month of the foreclosure sale, the tenant pays the rent for that month to the landlord before receiving any notice that a foreclosure sale is scheduled during the month or pays the rent for that month to the foreclosing lienholder or the purchaser at foreclosure not later than the fifth day after the date of receipt of a written notice of the name

---

[2]In his brief, Stephens suggests that Williams's friend fraudulently induced Stephens into not paying taxes and took advantage of a "partnership" in order to gain possession of the property.  But a forcible detainer action is not the proper vehicle to allege such a claim—any defects in the foreclosure process or the purchaser's title to the property may not be considered in a forcible detainer action.  *See Shutter v. Wells Fargo Bank, N.A.,* 318 S.W.3d 467, 471 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.).  Such defects must be pursued, if at all, in a separate suit for wrongful foreclosure or to set aside the substitute deed.  *Id.*

3

and address of the purchaser that requests payment. Before a foreclosure sale, a foreclosing lienholder may give written notice to a tenant stating that a foreclosure notice has been given to the landlord or owner of the property and specifying the date of the foreclosure.

Tex. Prop. Code Ann. § 24.005(b).

In this case, the trial court found that Stephens was a tenant by sufferance and that Williams gave Stephens proper three days' notice. Citing canons of statutory construction that stand for the proposition that a court should not give one provision of a statute a meaning that is out of harmony or inconsistent with other provisions within that statue, Stephens argues that "it is clear that the Legislature intended the term 'lease' in 24.005(b) to encompass all rights of possession that are extinguished by foreclosure sales." And, according to Stephens, anyone who is in possession of property after a foreclosure sale is entitled to thirty days' notice. We conclude that Stephens is simply reading the statute incorrectly.

Subsection 24.005(b)'s notice provisions apply when the possessor of property is a tenant at will or by sufferance. *Id.* The first sentence of 24.005(b) provides the general rule for notice regarding tenants at will or by sufferance—three days. *Id.* The remainder of subsection 24.005(b) defines an exception to this general rule—the applicable notice required to be given tenants who become tenants by sufferance when a lease is terminated by operation of law when the landlord's property is foreclosed upon and a lessee remains. *See Russell v. Am. Real Estate Corp.*, 89 S.W.3d 204, 208 (Tex. App.—Corpus Christi 2002, no pet.)

4

(holding that tenants' lease was terminated by foreclosure and that lessees remained as tenants by sufferance entitled to the notice provisions of subsection 24.005(b)). Under this exception to the general rule, in addition to the property being purchased at "a tax foreclosure sale or a trustee's foreclosure sale," subsection 24.005(b) clearly states that it is applicable only when there is a "residential tenant," that the tenant is in possession of the property under a "lease," and that the tenant is "not otherwise in default under the tenant's lease after foreclosure." Tex. Prop. Code Ann. § 24.005(b). Contrary to Stephens's construction of subsection 24.005(b), not every tenant by sufferance after a foreclosure sale is entitled to thirty days' notice. Only those who are "residential tenant[s]" in possession of the property under a lease, and the lessee is not in default under the terms of that lease are entitled to thirty days' notice. *Id.* All other tenants by sufferance are entitled to three days' notice prior to the complainant filing a forcible detainer. *Id.*

In this case, Stephens was never a residential tenant and there was never a lease. Stephens was the prior owner of the property who lost ownership of the property at a tax foreclosure sale. Thus, the general rule provided in subsection 24.005(b) applies to this forcible detainer action; namely, Stephens remained on the property as a tenant by sufferance and Williams was only required to give Stephens three days' notice prior to filing this action. *Id.* It is undisputed that Williams provided Stephens with more than three days' notice prior to filing this action. The trial court therefore did not abuse its discretion by finding that

5

Williams had provided Stephens adequate notice.  We overrule Stephens's sole issue and affirm the trial court's judgment.

BILL MEIER<br>JUSTICE

PANEL:  DAUPHINOT, MCCOY, and MEIER, JJ.

DELIVERED:  August 2, 2012