02-11-376-CV









 
 
 
 
 
 
 
 
 
 
 
 
 
 COURT OF APPEALS
 SECOND DISTRICT OF TEXAS
 FORT WORTH
  
 
 


 

 

NO. 02-11-00376-CV

 

 


 
 
 Robert C. Stephens, Jr.
 
 
  
 
 
 APPELLANT
 
 
 
 
  
 V.
  
 
 
 
 
 Kevin Williams
 
 
  
 
 
 APPELLEE
 
 


 

 

----------

FROM County
Court at Law No. 1 OF Tarrant COUNTY

----------

MEMORANDUM
OPINION[1]

----------

          This
is an appeal from a judgment of possession in a forcible detainer action.  In
his sole issue, appellant Robert C. Stephens, Jr. contends that the trial court
abused its discretion by concluding that appellee Kevin Williams was only
required to give Stephens three days’ notice prior to filing this action.  We
will affirm.

The
facts of this case are not in dispute.  Williams purchased the property in
question at a tax foreclosure sale on March 2, 2011.  Prior to the
foreclosure, Stephens was the owner of the property.  After Williams purchased
the property, Stephens continued to reside at the property.  Williams gave
Stephens written notice to vacate the property on June 15, 2011.  Williams
later filed this forcible detainer action on June 27, 2011.

The
issue in this case is whether the trial court erred by finding that Williams
gave sufficient notice to Stephens prior to filing this action.  Stephens
contends that he was entitled to thirty days’ notice.  See Tex. Prop.
Code Ann. § 24.005(b) (West Supp. 2012) (“If a building is purchased at a
tax foreclosure sale or a trustee’s foreclosure sale under a lien superior to
the tenant’s lease and the tenant timely pays rent and is not otherwise in
default under the tenant’s lease after foreclosure, the purchaser must give a
residential tenant of the building at least 30 days’ written notice to vacate
if the purchaser chooses not to continue the lease.”).  Williams argues that
the trial court correctly found that he had given Stephens the statutorily
required three days’ notice for a tenant by sufferance.  See id.  (“If
the occupant is a tenant at will or by sufferance, the landlord must give the
tenant at least three days’ written notice to vacate before the landlord files
a forcible detainer suit.”).  We agree with Williams.

A
forcible detainer action is the procedure by which the right to immediate
possession of real property is determined.  See Cattin v. Highpoint Vill.
Apartments, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism’d
w.o.j.).  In a forcible detainer action, the only issue for the trial court to
determine is which party has the immediate right to possession of the
property.  Tex. R. Civ. P. 746; Williams v. Bank of New York Mellon, 315
S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.).  The action is intended to be
a speedy, simple, and inexpensive means to obtain possession without resorting
to an action on the title.[2]  Marshall v. Hous.
Auth. of the City of San Antonio, 198 S.W.3d 782, 787 (Tex. 2006).  Proper
notice is an element of forcible detainer.  See Tex. Prop. Code Ann. § 24.002
(West 2000), § 24.005 (West Supp. 2012).

Subsection
24.005(b) of the Texas Property Code reads:

If the occupant is a
tenant at will or by sufferance, the landlord must give the tenant at least
three days’ written notice to vacate before the landlord files a forcible detainer
suit unless the parties have contracted for a shorter or longer notice period
in a written lease or agreement.  If a building is purchased at a tax
foreclosure sale or a trustee’s foreclosure sale under a lien superior to the
tenant's lease and the tenant timely pays rent and is not otherwise in default
under the tenant's lease after foreclosure, the purchaser must give a
residential tenant of the building at least 30 days’ written notice to vacate
if the purchaser chooses not to continue the lease.  The tenant is considered
to timely pay the rent under this subsection if, during the month of the
foreclosure sale, the tenant pays the rent for that month to the landlord
before receiving any notice that a foreclosure sale is scheduled during the
month or pays the rent for that month to the foreclosing lienholder or the
purchaser at foreclosure not later than the fifth day after the date of receipt
of a written notice of the name and address of the purchaser that requests
payment.  Before a foreclosure sale, a foreclosing lienholder may give written
notice to a tenant stating that a foreclosure notice has been given to the
landlord or owner of the property and specifying the date of the foreclosure.

Tex.
Prop. Code Ann. § 24.005(b). 

In
this case, the trial court found that Stephens was a tenant by sufferance and
that Williams gave Stephens proper three days’ notice.  Citing canons of
statutory construction that stand for the proposition that a court should not
give one provision of a statute a meaning that is out of harmony or
inconsistent with other provisions within that statue, Stephens argues that “it
is clear that the Legislature intended the term ‘lease’ in 24.005(b) to
encompass all rights of possession that are extinguished by foreclosure
sales.”  And, according to Stephens, anyone who is in possession of property
after a foreclosure sale is entitled to thirty days’ notice.  We conclude that
Stephens is simply reading the statute incorrectly.

Subsection
24.005(b)’s notice provisions apply when the possessor of property is a tenant
at will or by sufferance.  Id.  The first sentence of 24.005(b) provides
the general rule for notice regarding tenants at will or by sufferance—three
days.  Id.  The remainder of subsection 24.005(b) defines an exception
to this general rule—the applicable notice required to be given tenants who
become tenants by sufferance when a lease is terminated by operation of law
when the landlord’s property is foreclosed upon and a lessee remains.  See
Russell v. Am. Real Estate Corp., 89 S.W.3d 204, 208 (Tex. App.—Corpus
Christi 2002, no pet.) (holding that tenants’ lease was terminated by
foreclosure and that lessees remained as tenants by sufferance entitled to the
notice provisions of subsection 24.005(b)).  Under this exception to the
general rule, in addition to the property being purchased at “a tax foreclosure
sale or a trustee’s foreclosure sale,” subsection 24.005(b) clearly states that
it is applicable only when there is a “residential tenant,” that the tenant is
in possession of the property under a “lease,” and that the tenant is “not
otherwise in default under the tenant’s lease after foreclosure.”  Tex. Prop.
Code Ann. § 24.005(b).  Contrary to Stephens’s construction of subsection
24.005(b), not every tenant by sufferance after a foreclosure sale is entitled
to thirty days’ notice.  Only those who are “residential tenant[s]” in
possession of the property under a lease, and the lessee is not in default
under the terms of that lease are entitled to thirty days’ notice.  Id. 
All other tenants by sufferance are entitled to three days’ notice prior to the
complainant filing a forcible detainer.  Id.

In
this case, Stephens was never a residential tenant and there was never a
lease.  Stephens was the prior owner of the property who lost ownership of the
property at a tax foreclosure sale.  Thus, the general rule provided in
subsection 24.005(b) applies to this forcible detainer action; namely, Stephens
remained on the property as a tenant by sufferance and Williams was only
required to give Stephens three days’ notice prior to filing this action.  Id. 
It is undisputed that Williams provided Stephens with more than three days’ notice
prior to filing this action.  The trial court therefore did not abuse its
discretion by finding that Williams had provided Stephens adequate notice.  We
overrule Stephens’s sole issue and affirm the trial court’s judgment.

 

 

BILL MEIER
JUSTICE

 

PANEL: 
DAUPHINOT,
MCCOY, and MEIER, JJ.

 

DELIVERED:  August 2, 2012









[1]See Tex. R. App. P. 47.4.





[2]In his brief, Stephens
suggests that Williams’s friend fraudulently induced Stephens into not paying
taxes and took advantage of a “partnership” in order to gain possession of the
property.  But a forcible detainer action is not the proper vehicle to allege
such a claim—any defects in the foreclosure process or the purchaser’s title to
the property may not be considered in a forcible detainer action.  See
Shutter v. Wells Fargo Bank, N.A., 318 S.W.3d 467, 471 (Tex. App.—Dallas
2010, pet. dism’d w.o.j.).  Such defects must be pursued, if at all, in a separate
suit for wrongful foreclosure or to set aside the substitute deed.  Id.