

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-12-00218-CV

| | | |
|---|---|---|
| Flora Xanthine Alexander | § | From County Court at Law No. 1 |
| | § | of Tarrant County (12-02804-1) |
| v. | | |
| | § | January 10, 2013 |
| Wells Fargo Bank, N.A. | § | Per Curiam |

## JUDGMENT

This court has considered the record on appeal in this case and holds that there was no error in the trial court's judgment. It is ordered that the judgment of the trial court is affirmed.

SECOND DISTRICT COURT OF APPEALS

PER CURIAM


FLORA XANTHINE
ALEXANDER

APPELLANT

V.

WELLS FARGO BANK,
N.A.

APPELLEE

------------

FROM COUNTY COURT AT LAW NO. 1 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION[1]

------------

This court affirmed summary judgment in Appellee Wells Fargo Bank, N.A.'s suit for a declaratory judgment to allow it to foreclose on its real property lien on pro se Appellant Flora Xanthine Alexander's residence. *See Alexander v. Wells Fargo Bank, N.A. (Alexander I)*, No. 02-10-00005-CV, 2011 WL 1331519,

---

[1]*See* Tex. R. App. P. 47.4.

at *1 (Tex. App.—Fort Worth Apr. 7, 2011, pet. denied) (mem. op.). After foreclosing, Wells Fargo filed a petition for forcible detainer in the justice court, alleging that Alexander "and all other occupants" of the property were in wrongful possession.

Wells Fargo attached a copy of the substitute trustee's deed to its forcible detainer petition, showing that it had purchased the property at a foreclosure sale on February 7, 2012. After the justice court entered judgment for Wells Fargo and ordered a writ of possession to issue if Alexander failed to vacate the premises by April 10, 2012, Alexander appealed the judgment to the county court at law. The county court at law found Wells Fargo entitled to possession of the premises, and this appeal by Alexander followed.

A forcible detainer action is the procedure by which the right to immediate possession of real property is determined. *See Cattin v. Highpoint Vill. Apartments*, 26 S.W.3d 737, 738–39 (Tex. App.—Fort Worth 2000, pet. dism'd w.o.j.). In a forcible detainer action, the only issue for the trial court to determine is which party has the immediate right to possession of the property. Tex. R. Civ. P. 746; *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.). The action is intended to be a speedy, simple, and inexpensive means to obtain possession without resorting to an action on the title. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 470 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (op. on reh'g).

3

In her appellate brief, Alexander sets forth no discernable legal arguments in her third, fifth, and seventh issues.[2]  Therefore, we overrule these issues as inadequate under rule of appellate procedure 38.1(f).  *See* Tex. R. App. P. 38.1(f); *Branch v. Fannie Mae*, No. 02-11-00355-CV, 2012 WL 3030525, at *1 (Tex. App.—Fort Worth July 26, 2012, no pet.) (mem. op.) (stating that pro se parties are treated the same as licensed attorneys to ensure fairness in the treatment of all litigants); *see also Valadez v. Avitia*, 238 S.W.3d 843, 845 (Tex. App.—El Paso 2007, no pet.) (stating that an issue presented in an appellant's brief is sufficient "if it directs the reviewing court's attention to the error about which the complaint is made" and that it is the appellant's burden to discuss her assertions of error because the court generally has no duty—or even the right— to perform an independent review of the record and applicable law to determine whether there was error).

---

[2]In her third issue, Alexander states, "TEXAS RULE 12 Of JANNA W. CLARKE having Authority as Counsel of Record.  Was not in possession of Legal documents, in the courtroom of Tarrant County Court At Law No. 1 under Judge Don S. Peirson [sic]."  In her fifth issue, Alexander states, "A trustee bank oversees the pool's operations, ensuring that payments made by borrowers go to the appropriate investors.  Trustees overseeing home loan pools often do not produce proof, usually in the form of a mortgage note, that their investors own a foreclosed property."  And in her seventh issue, Alexander states, "When a loan goes into securitization, the mortgage note is not sent to the trust.  Instead it shows up as a date transfer with at [sic] the physical note being kept at a separate document repository company."  Although Alexander calls these "issues," they are merely statements that present nothing for our review.

Further, although Alexander complains in her first, second, fourth, and sixth issues that Wells Fargo's foreclosure was illegal, that Wells Fargo did not show a "contract nor a Loan Check" from its purchase of her house from MERS, that MERS sold the note without her permission, and that "[t]he big issue" is "who really owns the mortgage note," none of these are issues that she may raise in her appeal here. *See* Tex. R. Civ. P. 746. Likewise, in her eighth and ninth issues, while Alexander contends that the record will reflect that the trial court did not inspect "the document" for originality, that it allowed Wells Fargo to show an exhibit that was not the genuine original note, and that it erred by granting summary judgment—apparently referring to the summary judgment in *Alexander I*—when it failed to investigate "for the Original Note, Loan Check or validate the Debt," these are also not issues in a forcible detainer action.[3] *See id.*; *Shutter*, 318 S.W.3d at 471 (stating that any defects in the foreclosure process or the purchaser's title to the property must be pursued, if at all, in a separate suit for wrongful foreclosure and may not be considered in a forcible detainer action); *see also Olaoye v. Wells Fargo Bank, N.A.*, No. 02-11-00263-CV, 2012 WL 2344846, at *2 (Tex. App.—Fort Worth June 21, 2012, no pet.) (mem. op.) (same). And although Alexander complains in her tenth issue that she was denied due process because the trial court denied her request for evidence to be

---

[3]We addressed portions of these issues in Alexander's earlier appeal of Wells Fargo's summary judgment seeking to foreclose on her property. *See Alexander I*, 2011 WL 1331519, at *2–4 & nn.3–4.

5

heard, the record does not reflect that Alexander set any of her motions for hearing or sought a ruling on any of them. *See* Tex. R. App P. 33.1; Tex. R. Evid. 103(a)(2). Therefore, we overrule all of Alexander's remaining issues.[4]

Having overruled all of Alexander's issues, we affirm the judgment of the county court at law.

PER CURIAM

PANEL:  MCCOY, J.; LIVINGSTON, C.J.; and GABRIEL, J.

DELIVERED:  January 10, 2013

---

[4]While this appeal was pending, Alexander filed a "Motion for Hearing to Compel MERS Previous Alleged Owner Wells Fargo Bank, N.A. et al Alleged Current Owner Validate the Debt, Provide Loan Check, Validate the Contract, and Validate the Signatures Supported by Affidavit of Fact" and an amended version of that motion a few days later.  In light of our disposition above, these motions are moot.