ACCEPTED
05-17-00777-CV
FIFTH COURT OF APPEALS
DALLAS, TEXAS
6/8/2018 11:04 AM
LISA MATZ
CLERK

## NO. 05-17-00777-CV

## In the Fifth Court of Appeals

FILED IN
5th COURT OF APPEALS
DALLAS, TEXAS
6/8/2018 11:04:37 AM
LISA MATZ
Clerk

| | | |
|---|---|---|
| **COMPASS BANK, an Alabama Banking Corporation, authorized to do business as BBVA Compass,** | *Appellant*, | |
| | VS. | |
| **RECILLIA JOHNSON and All Other Occupants of 3420 Detonte Street, Dallas, TX 75223**, | *Appellee*. | |

## APPELLANT'S RESPONSE TO
## APPELLEE'S MOTION FOR WRONGFUL FORECLOSURE

COMES NOW Compass Bank, Appellant, and files this response to Appellee's Motion for Wrongful Foreclosure. Appellant would respectfully show the Court as follows:

1. The Court rendered Judgment in favor of Appellant in this appeal on April 30, 2018.

2. On May 15, 2018, Appellee filed a *pro se* Motion for Rehearing, which the Court construed as a motion for extension of time for filing a motion for rehearing.

3. On June 4, 2018, Appellee filed a *pro se* Motion for Wrongful Foreclosure, which in substance is a motion for rehearing.

4. Appellee argues in her Motion for Wrongful Foreclosure that the underlying

foreclosure sale was wrongful and that Appellant did not give her a chance to save her home after she fell sick and she submitted unspecified paperwork and "doctors paper." Appellee did not file a brief in this appeal.

5. As set forth in the Court's Memorandum Opinion in this appeal, "[t]he only issue in a forcible detainer action is which party has the right to immediate possession of the property. *Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 470 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.). Whether the sale of the property under a deed of trust is invalid may not be determined in a forcible detainer and must be brought in a separate suit. *Id.* at 471."

6. Therefore, any argument regarding the validity of the foreclosure sale is outside the scope of this appeal.

7. In her motion, Appellee only discusses the validity of the underlying foreclosure sale and has made no argument regarding which party has the superior right to immediate possession of the property.

8. Appellant has proven its superior right to immediate possession of the property, and this Court agreed with Appellant's arguments, stating in its Memorandum Opinion that based on the "unobjected-to evidence, Compass Bank established its superior right to immediate possession as a matter of law." Therefore, Appellee's Motion for Wrongful Foreclosure should be denied.

WHEREFORE Compass Bank, Appellant, respectfully requests that Appellee's Motion for Wrongful Foreclosure be denied.

Respectfully submitted,


/s/ Jeremiah B. Hayes
Selim H. Taherzadeh
Texas Bar Number: 24046944
Jeremiah B. Hayes
Texas Bar Number: 24048532
Taherzadeh, PLLC
5001 Spring Valley Road, Suite 1020W
Dallas, Texas 75244
Telephone:          (469) 729-6800
Facsimile:          (469) 828-2772
Email:  st@taherzlaw.com

ATTORNEYS FOR THE APPELLANT

June 8, 2018


**CERTIFICATE OF SERVICE**

A copy of the foregoing document is being served on the below by certified mail, return receipt requested, and first-class mail in accordance with the Texas Rules of Civil Procedure on June 8, 2018.

Recillia Johnson
3420 Detonte Street
Dallas, TX 75223

Occupant(s)
3420 Detonte Street
Dallas, TX 75223


*/s/ Jeremiah B. Hayes*
Jeremiah B. Hayes