

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-23-00352-CV

_____

VICENTE PAULIN JR., Appellant

V.

MOHAMED GHANEM, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2023-000705-1

Before Sudderth, C.J.; Bassel and Womack, JJ.
Memorandum Opinion by Justice Bassel

## MEMORANDUM OPINION

## I. Introduction

This is a forcible-detainer case. Appellant Vicente Paulin Jr. appeals from a judgment awarding possession of the property at issue to Appellee Mohamed Ghanem. Paulin raises five points. Having previously analyzed the exact points that he raises under facts analogous to those here, we see no reason to depart from our prior precedent.[1] We therefore affirm.

---

[1]This court has previously analyzed the exact issues that are raised in this appeal, as they were previously raised by Paulin's attorney in prior appeals, and each issue was overruled. *See Austin v. M&T Bank*, No. 02-23-00050-CV, 2023 WL 8643024, at *1–6 (Tex. App.—Fort Worth Dec. 14, 2023, pet. filed) (mem. op.); *Gaber v. U.S. Bank Nat'l Ass'n*, No. 02-20-00376-CV, 2021 WL 5367851, at *1–6 (Tex. App.—Fort Worth Nov. 18, 2021, pet. denied) (mem. op.); *Rosalez v. Foson Invs., LLC*, No. 02-20-00023-CV, 2021 WL 1918755, at *1–4 (Tex. App.—Fort Worth May 13, 2021, pet. denied) (mem. op.); *Askew v. Mena Homes, Inc.*, No. 02-19-00181-CV, 2020 WL 579121, at *1–3 (Tex. App.—Fort Worth Feb. 6, 2020, pet. denied) (mem. op.); *Martinez v. Cerberus SFR Holdings, L.P.*, No. 02-19-00076-CV, 2019 WL 5996984, at *1–9 (Tex. App.—Fort Worth Nov. 14, 2019, pet. denied) (mem. op.); *see also Enriquez v. Cap. Plus Fin., LLC*, No. 02-19-00184-CV, 2020 WL 719441, at *1–3 (Tex. App.—Fort Worth Feb. 13, 2020, no pet.) (mem. op.) (raising four of the same issues—all of which were overruled). Paulin's brief, however, fails to cite any of these dispositive cases from this court. *See* Standards for Appellate Conduct, *Lawyers' Duties to the Court* ¶ 4, Texas Rules of Court (State) 324–25 (West 2023) ("Counsel will advise the Court of controlling legal authorities, including those adverse to their position, and should not cite authority that has been reversed, overruled, or restricted without informing the court of those limitations.") (*available at* http://www.txcourts.gov/media/1437423/standards-for-appellate-conduct.pdf); Tex. Disciplinary Rules Prof'l Conduct R. 3.03(a)(4), *reprinted in* Tex. Gov't Code Ann., tit. 2, subtit. G, app. A (Tex. State Bar R. art. X, § 9) (explaining candor toward the tribunal and stating that "[a] lawyer shall not knowingly . . . fail to disclose to the tribunal authority in the controlling jurisdiction known to the lawyer to be directly adverse to the position of the client and not disclosed by opposing counsel"). Because Paulin's brief is almost

## II. Background

Ghanem purchased the property at issue at a foreclosure sale and received a Substitute Trustee's Deed after he paid for the property. Ghanem then sent Paulin "and all occupants" of the property a thirty-day notice to vacate. Ghanem also sent a three-day notice to vacate prior to filing the eviction suit. Paulin did not vacate the property.

Ghanem filed a forcible-detainer suit against Paulin in justice court and obtained a judgment granting Ghanem possession of the property. Paulin appealed that judgment to the county court at law (the trial court). Paulin also filed a plea in abatement (challenging Ghanem's standing and presuit notice), a plea to the jurisdiction, and an original answer subject to his plea; he later filed a first amended plea.

At the outset of the bench trial, the trial court denied Paulin's plea in abatement and plea to the jurisdiction. The trial court then proceeded to receive evidence and to hear argument in the forcible-detainer suit. Ghanem introduced certified copies of the "Homestead Lien Contract and Deed of Trust" (deed of trust) that was originally foreclosed that previously secured the property, the Substitute Trustee's Deed from

---

an exact duplicate of the appellant's brief that was filed in *Austin*, we rely heavily on that opinion. *See* 2023 WL 8643024, at *1–6.

the foreclosure sale,[2] and copies of the notices to vacate with their certified-mail receipts. Although the Substitute Trustee's Deed was admitted without objection, Paulin's attorney later argued that Ghanem "can't prove up the contents of his deed," but the trial court overruled the objection. After hearing arguments, the trial court granted Ghanem possession of the property and signed a judgment to that effect.[3] The trial court also signed an order setting the supersedeas bond amount at $5,000.

The following week, the county clerk issued a writ of possession. The constable filed a document stating that the return was "unexecuted" because Paulin had been granted a stay and that the writ had expired.

Paulin filed a motion for new trial to which Ghanem responded. The motion was overruled by operation of law, and this appeal followed.

### III. Applicable Law

A tenant at sufferance commits a forcible detainer when he refuses to surrender possession of real property on written demand by the person entitled to

---

[2]Attached to the Substitute Trustee's Deed is the judgment of foreclosure from the 153rd District Court of Tarrant County in Cause Number 153-308854-19, styled *JP Morgan Chase Bank, National Association v. Louis Bonaldi III, Christine Presley, Angela Carrizales, Tina Commins, and The Unknown Heirs at Law of Louis J. Bonaldi[] Jr.* Also attached to the Substitute Trustee's Deed is an affidavit from Cindy Mendoza, who is described as the authorized agent of McCarthy & Holthus, LLP (the attorney for JP Morgan Chase Bank, N.A.). The affidavit states that it was made to "the best of [her] knowledge and belief."

[3]Although Paulin requested findings of facts and conclusions of law, the record does not contain a request for past-due findings, nor does it contain any findings of fact and conclusions of law. *See* Tex. R. Civ. P. 296, 297.

4

possession of that property. *See* Tex. Prop. Code Ann. § 24.002. A plaintiff in a forcible-detainer suit can establish "the superior right to immediate possession by establishing the fact of a foreclosure pursuant to a deed of trust that created a tenancy at sufferance after the foreclosure." *Askew*, 2020 WL 579121, at *1–2; *Martinez*, 2019 WL 5996984, at *2.

The only issue that the trial court determines in a forcible-detainer action is the right to actual and immediate possession of the property. *See Coinmach Corp. v. Aspenwood Apartment Corp.*, 417 S.W.3d 909, 919 (Tex. 2013); *Marshall v. Hous. Auth. of the City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006). To prevail in such an action, a plaintiff is not required to prove title; it is required only to show sufficient evidence of ownership demonstrating a superior right to immediate possession of the property. *Askew*, 2020 WL 579121, at *2. Defects in title or in the foreclosure process cannot be determined in a forcible-detainer action. *E.g.*, *Williams v. Bank of N.Y. Mellon*, 315 S.W.3d 925, 927 (Tex. App.—Dallas 2010, no pet.); *see* Tex. R. Civ. P. 510.3(e) (stating that in a forcible-detainer action, "[t]he court must adjudicate the right to actual possession and not title"). "The arena to challenge the propriety of a foreclosure" is not in a forcible-detainer action but "in a separate suit for wrongful foreclosure or to set aside a substitute trustee's deed." *Martinez*, 2019 WL 5996984, at *3. When, as here, "a foreclosure pursuant to a deed of trust establishes a landlord and tenant-at-sufferance relationship between the parties, the trial court has an independent basis to determine the issue of immediate possession without resolving the issue of title to the

5

property." *Reardean v. Fed. Home Loan Mortg. Corp.*, No. 03-12-00562-CV, 2013 WL 4487523, at *3 (Tex. App.—Austin Aug. 14, 2013, no pet.) (mem. op.).

### IV. Analysis

As we thoroughly explained in *Martinez*, most of the points raised by Paulin are based on challenges to the Substitute Trustee's Deed by which Ghanem claims a superior right to possession of the property, and Paulin cannot attack the form of the deed in a forcible-detainer action. 2019 WL 5996984, at *3–6. We need not repeat that expository here but will instead move forward with addressing why each of Paulin's points fails and attempt to address the multifarious, repetitive arguments that he raises within each point.

#### A. Presuit Demand for Possession

In his first point, Paulin argues that "there was not a statutorily sufficient pre[]suit demand for possession to support [Ghanem's] claims." Paulin correctly cites the governing statute for a forcible-detainer action that specifies a demand for possession "must be made in writing by a person entitled to possession of the property and must comply with the requirements for notice to vacate under Section 24.005." *See* Tex. Prop. Code Ann. § 24.002(b). In turn, the basic requirements for a notice to vacate to a tenant at sufferance (such as Paulin became in accordance with the deed of trust after the foreclosure on the subject property) are as follows: "If the occupant is a tenant at will or by sufferance, the landlord must give the tenant at least three days' written notice to vacate before the landlord files a forcible[-]detainer suit

6

unless the parties have contracted for a shorter or longer notice period in a written lease or agreement." *See id.* § 24.005(b).

Paulin's argument has as its basis an attack on the affidavit attached to the Substitute Trustee's Deed,[4] and he makes no challenge to the form or timing of the notices to vacate. Indeed, the evidence establishes that the notices were prepared by Texas Eviction Services at Ghanem's request and on his behalf and that he sealed the envelopes and mailed the notices himself. The thirty-day notice sent on October 5, 2022, stated,

> The property located [at] 3401 NW 28 Street[,] Fort Worth, Texas 76106[,] was sold to our Client under a power of sale contained in a deed of trust securing said property. Title [u]nder the sale has been duly perfected. The new owner(s) Mohamed Ghanem, seeks to recover possession of the property in good faith.
>
> Our Client has requested that we notify you that pursuant to the Texas Property Code, Section 24.005, you are hereby DEMAND[ED] to move and vacate these premises, along with all your personal belongings, within THIRTY (30) days from the date of this letter. . . .

---

[4]Paulin argues that because the affidavit was defective, the Substitute Trustee's Deed does not show Ghanem's right to possession, and thus it does not show that Ghanem was a person authorized to make a demand for possession. We reject that argument later in the opinion under the lack-of-standing heading.

Paulin also makes a passing statement that the Substitute Trustee's Deed was treated by the trial court as evidence of its contents despite "Ghanem's acknowledgement in testimony of his lack of knowledge of the underlying facts." Paulin, however, does not point us to the place in the record that he relies on for this statement. Moreover, the record demonstrates that when Ghanem was asked by Paulin's counsel how he had personal knowledge that the property was posted for sale because of a default under the deed of trust, Ghanem responded that he and his team had done "research in regard[] to the auction." And with regard to the presuit notices, as explained above, Ghanem was clear that he had mailed the notices himself.

7

Demand for possession is hereby made. You are hereby given notice to vacate the dwelling on or before midnight, the 6th day of November, 2022, which is at least thirty days from the delivery of this notice as noted below. Your failure to move out then will result in appropriate legal action by us before the Justice of the Peace. Delay or postponement of such action does not waive our rights. Eviction will be filed the morning of November 7, 2022.

A three-day notice with wording similar to the above notice was sent on November 7, 2022, stating that Paulin needed to vacate the premises on or before midnight on November 10, 2022, or that an eviction proceeding would be filed the morning of November 11, 2022.

Paulin identifies no deficiency in the notices,[5] and we see none. We overrule Paulin's first point.

## B. Lack of Standing

In his second point, Paulin couches the basis of his claim that Ghanem lacked standing as follows:

---

[5]Paulin includes a statement—that "[t]he inescapable conclusion is that a forcible[-]detainer plaintiff must make its own demand for possession[] and that the plaintiff not be allowed to proceed without establishing that it has in fact made proper demand through an authorized person"—which appears to argue that a demand for possession must have been made by Ghanem himself. This statement appears to have been carried over from prior briefs involving corporate appellees. Here, the record clearly demonstrates that although Ghanem used Texas Eviction Services to prepare the notices, he sealed the envelopes and mailed them himself. Paulin does not point to any part of the statute that required Ghanem to prepare the notices himself. We therefore conclude that it was sufficient under the statute for Ghanem to hire someone to prepare his presuit demands, which he then mailed. *Cf. Austin*, 2023 WL 8643024, at *3 n.5; *Rosalez*, 2021 WL 1918755, at *2; *Enriquez*, 2020 WL 719441, at *1 (all holding that it was sufficient under the statute for corporate entities to send their presuit demand through an authorized agent).

8

*Ghanem's pleadings, and the predicate notice demanding possession, were made on the basis of a [S]ubstitute [T]rustee's [D]eed, the recitations of which were not to be treated by the trial court as* prima facie *evidence of a conveyance per Tex. Prop. Code §[ ]51.002(e), because the deed not only does <u>not</u> contain an affidavit of a person averring from her or his own personal knowledge that there was compliance with Tex. Prop. Code §[ ]51.002(b) and (d) in the manner of giving of notice. Therefore, the [S]ubstitute [T]rustee's [D]eed was not entitled to the evidentiary presumption provided by Tex. Prop. Code §[ ]51.002(e).* Consequently, Ghanem never demonstrated standing, on the face of the public record or to the trial court, to claim title to the real property in question or that Ghanem had evidence of authority to make the statutorily required pre[]suit demand for possession. Such failure required abatement or dismissal of the case under the standard articulated by this [c]ourt in *A[ ] Plus Investments[, Inc.] v. Rushton*, [No. 02-03-00174-CV, 2004 WL 868866, at *2–3] (Tex. App.—Fort Worth [Apr. 22,] 2004[, no pet.) (mem. op.)]. [Emphasis added in italics.]

Paulin's argument is a recasting of his claim that the Substitute Trustee's Deed through which Ghanem claims title has a defective affidavit that makes the deed potentially defective. We explained in detail in *Martinez* why *A Plus Investments* does not apply and why such a claim does not create a title issue so inextricably intertwined with the right to possession that the trial court lacked jurisdiction to hear the forcible-detainer suit, nor does it demonstrate that Ghanem lacked a superior right of immediate possession. 2019 WL 5996984, at *4–5, *8; *see also Rosalez*, 2021 WL 1918755, at *2–3; *Enriquez*, 2020 WL 719441, at *2; *Askew*, 2020 WL 579121, at *2–3.[6] Because the issue is not so intertwined to create a question of title, the trial court had jurisdiction over this matter.

---

[6]Within his second point, Paulin argues that the forcible-detainer petition should be deemed insufficient because it was not "sworn to by the plaintiff" as required by Rule of Civil Procedure 510.3(a). Tex. R. Civ. P. 510.3(a). In this case,

Paulin also raises a due-process argument.[7]   Paulin contends that he "was afforded no due process in the prior district[-]court proceeding,[8] in which he had no notice and was never made a party," and that this should have required abatement or

Monica Misczak of Texas Eviction Services signed the petition as Ghanem's agent and "declare[d] under penalty of perjury, pursuant to the law of the State of Texas, that all information provided is true and correct." *See Wreh v. Gianotos*, No. 05-19-01213-CV, 2021 WL 2548708, at *5 (Tex. App.—Dallas June 22, 2021, pet. denied) (mem. op.) (holding that petition—which was signed by Texas Eviction, LLC through Cheryl Guest, as agent—was sufficient to meet the requirements of Rule 510.3(a)). Moreover, even if we were to assume that the verification was defective, Paulin does not allege or explain how a defective verification was an impediment to the trial court's determination of immediate possession, and he did not demonstrate harm. *See Shutter v. Wells Fargo Bank, N.A.*, 318 S.W.3d 467, 469–70 (Tex. App.—Dallas 2010, pet. dism'd w.o.j.) (holding that trial court did not err by denying appellant's plea in abatement based on same argument raised here).

Paulin further argues that the petition "does not contain sufficient plausible statements and signature of an affiant before a notary who has taken the oath of the signer, in such a manner that perjury could be assigned to the attachments to the [p]etition." This issue was previously raised by Paulin's attorney in an appeal decided by the Dallas Court of Appeals. *See Lua v. Cap. Plus Fin., LLC*, 646 S.W.3d 622, 630–31 (Tex. App.—Dallas 2022, pet. denied). The court in *Lua* set forth the applicable law—Texas Rule of Civil Procedure 510.3—and explained that the requirement set out in that rule is not jurisdictional; because it is not jurisdictional, appellants were required to preserve the issue by raising it in the county court. *See id.* at 631. Because appellants did not point the court to, nor could the court find, where they had raised this issue in the county court, and because the record showed that appellee's attorney had sworn to the eviction pleading on behalf of his client (thus satisfying the requirements of Rule 510.3), the Dallas Court of Appeals overruled the Luas' argument. *Id.* We are in a similar position: we have not been pointed to, nor can we find, where Paulin raised this issue in the trial court. We therefore overrule this argument.

[7]This is the one new argument raised in Paulin's brief that did not appear in the *Austin* brief.

[8]Paulin is referring to the underlying foreclosure suit, which was filed in the 153rd District Court in Tarrant County.

10

dismissal of the forcible-detainer claim by the trial court. Paulin does not point to, and we cannot find, where he raised a due-process issue in the trial court. But even assuming that Paulin preserved this argument for review, Ghanem correctly notes in his brief that whether JP Morgan Chase Bank (the entity that foreclosed on the property) served the requisite presuit notices is a question suited for a wrongful-foreclosure action and cannot be considered in a forcible-detainer matter. *See Smith v. Deutsche Bank Nat'l Tr. Co.*, No. 05-17-01022-CV, 2019 WL 211174, at *2 (Tex. App.—Dallas Jan. 16, 2019, no pet.) (mem. op.) (stating that "any challenge to the sale of property under a deed of trust must be brought in a separate suit in which title issues can be determined, not in an action for forcible detainer").

Accordingly, we overrule Paulin's second point.

## C.     Substitute Trustee's Deed Not Entitled to Presumption of Validity

In the third rehash of his same complaint, Paulin argues that

[n]either Ghanem's pleadings nor his offered exhibits include a complete purported [S]ubstitute [T]rustee's [D]eed with an authenticating affidavit sufficient for purposes of Tex.[ ]Prop.[ ]Code §[ ]51.002(e) to entitle it to be treated as *prima facie* proof of the matters recited therein, and no notice under the applicable rules was given of the filing of such in a form and manner to which [Paulin] could have objected through counsel before the June 28, 2023 trial. No critical recitations within the Substitute Trustee's Deed, and hence no statutorily sufficient notice to vacate, were properly before the trial court and were not entitled to any presumption of regularity or validity. Since a proper deed and affidavit would mean that the [S]ubstitute [T]rustee's [D]eed would be entitled to be treated as *prima facie* evidence of compliance, a deed inadequate on its face, which bore no sufficient Tex.[ ]Prop.[ ]Code §[ ]51.002(e) affidavit[], should mean that the [Substitute Trustee's D]eed should not be adequate evidence on which to base a claim of superior right to

11

possession, just as it would be insufficient to support validity of the sale in title litigation.

To briefly reiterate why this argument fails, the attack on the form of the affidavit did not prevent Ghanem from claiming a superior right to possession and appears unfounded from a factual standpoint. *See Martinez*, 2019 WL 5996984, at *8; *see also Rosalez*, 2021 WL 1918755, at *3; *Askew*, 2020 WL 579121, at *3.[9] As explained in a Dallas case in which Paulin's counsel raised this same issue challenging the substitute trustee deed's affidavit because the affiant (like the one here) averred that the statements were true "[t]o the best of my knowledge and belief,"

> In this case, appellee proved its right to possession of the property by presenting in evidence the substitute trustee's deed, the deed of trust, and notices to appellant and the other residents of the property to vacate. The substitute trustee's deed showed appellee purchased the property in a public auction following appellant's default on the deed of trust. The deed of trust showed appellant was a tenant at sufferance when she did not vacate the property after appellee purchased it. The notice to vacate informed appellant of her tenant-at-sufferance position and appellee's requirement that she vacate the property. This evidence was sufficient to establish appellee's right to immediate possession of the property. Any defects in the foreclosure process or with appellee's title

[9]Paulin's third point again references Ghanem's lack of personal knowledge, stating that "Ghanem was queried on cross-examination as to his personal knowledge of any underlying facts related to his Exhibits 1 (home equity lien instrument) or 2 (substitute trustee's deed)[,] and he articulated none." Paulin includes record references for this statement but does not explain why Ghanem was required to have personal knowledge of these exhibits, which were admitted without objection. Paulin even concludes, "Ghanem need not necessarily have vouched for any particular component of the deed." We are thus at a loss as to the relevancy of Ghanem's personal knowledge as it relates to these two documents and hold that any argument based on that premise that is waived due to inadequate briefing. *See* Tex. R. App. P. 38.1; *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284 (Tex. 1994) (observing that error may be waived by inadequate briefing).

to the property may not be considered in a forcible[-]detainer action. Those defects may be pursued in suits for wrongful foreclosure or to set aside the substitute trustee's deed, but they are not relevant in this forcible[-]detainer action. Accordingly, we conclude that the trial court did not err in granting judgment for appellee.

*Shutter*, 318 S.W.3d at 471 (citations omitted as well as footnote stating that appellant's trial counsel had stated "no objections" when the substitute trustee's deed was offered). We therefore overrule Paulin's third point.

### D. Lack of Privity and Challenge to Ghanem's Right to Rely on Tenancy-at-Sufferance Term of Deed of Trust

In his fourth point, Paulin asserts that the trial court erred by granting Ghanem possession because he was not in privity of contract with Paulin in relation to the Deed of Trust and therefore did not show that he was entitled to rely on the "tenancy at sufferance" language in that instrument. We have rejected this same argument each time that it has been presented:

> [W]e have recently stated that "[t]he fact that the lender in the Deed of Trust does not match the holder identified in the Substitute Trustee's Deed . . . presents a question of title" and "does not undermine the showing of superior right to possession accorded Appellee because it was the grantee in the Substitute Trustee's Deed." *Martinez*, 2019 WL 5996984, at *8 (citing *Deubler v. Bank of N.Y. Mellon*, No. 02-10-00125-CV, 2011 WL 1331540, at *2 (Tex. App.—Fort Worth Apr. 7, 2011, no pet.) (mem. op.) (holding that party was not required to present evidence establishing connection between deed of trust and substitute trustee's deed to establish superior right to possession)).

*Rosalez*, 2021 WL 1918755, at *4 (quoting *Askew*, 2020 WL 579121, at *3); *see also Austin*, 2023 WL 8643024, at *5; *Martinez*, 2019 WL 5996984, at *8.

13

Ghanem was not required to establish privity of contract with Paulin in relation to the Deed of Trust. *See Rosalez*, 2021 WL 1918755, at \*4. It is sufficient that the Substitute Trustee's Deed shows that Ghanem purchased the subject property at a foreclosure sale and so acquired the right to enforce the tenancy-at-sufferance clause in the Deed of Trust. *See id.*; *Enriquez*, 2020 WL 719441, at \*3.[10] We overrule Paulin's fourth point.

### E. Continued Occupancy

In his fifth point, Paulin contends that the trial court erred by granting possession to Ghanem because he did not present any evidence of Paulin's continued occupancy of the subject property. *See Shields Ltd. P'ship v. Bradberry*, 526 S.W.3d 471, 478 (Tex. 2017) (citing refusal to vacate premises as an element of a forcible-detainer action). Because findings of fact and conclusions of law were not made, the trial

---

[10]Paulin's fourth point also briefly mentions the following:

[A]bsent proof of connection of the ownership of the lien of a deed of trust to the trustee granting the Substitute Trustee's Deed (which would require *prima facie* evidentiary status for the deed) as well as admission of the deed in spite of its issuance pursuant to a district court's order authorizing sale without any notice being afforded to [Paulin,] even though the ad litem in such case placed of record his knowledge of [Paulin's] claim to the real property, then Ghanem had no standing to (a) issue pre[]suit demands for possession, or (b) seek to proceed to judgment at the trial on June 28, 2023[,] and/or to treat [Paulin] as a tenant at sufferance.

As *Gaber* pointed out, "any questions about defects in the foreclosure process or '[w]hether the sale of property under a deed of trust is invalid may not be determined in a forcible[-]detainer [action] and must be brought in a separate suit," which Paulin did not do. *See* 2021 WL 5367851, at \*2 (footnote and citations omitted).

court's finding on this element is implied if there is sufficient evidence to support it. *See id.* at 480. Here, Ghanem offered, and the trial court admitted into evidence, a copy of Ghanem's notices to vacate, which were addressed to "Paulin Vicente Jr. and all occupants" and accompanied by receipts showing that the notices were sent by certified mail (and tracking information for the three-day notice), and Paulin does not argue that he did not receive the notices to vacate. *Cf. Brittingham v. Fed. Home Loan Mortg. Corp.*, No. 02-12-00416-CV, 2013 WL 4506787, at *3–4 (Tex. App.—Fort Worth Aug. 22, 2013, pet. dism'd w.o.j.) (mem. op.) (holding that there was sufficient refusal-to-vacate evidence based in part on business records demonstrating notice).

After the justice court rendered judgment granting Ghanem immediate possession of the property, Paulin filed a bond to maintain possession pending his appeal to the trial court. *See* Tex. Prop. Code Ann. § 24.0061. And the fact that Paulin appealed—from the justice court to the trial court—a judgment depriving him of possession is some acknowledgement that he was in possession of the property at the time of trial and had refused to vacate the property as demanded by Ghanem. *See Austin*, 2023 WL 8643024, at *6; *Gaber*, 2021 WL 5367851, at *5; *Rosalez*, 2021 WL 1918755, at *4; *Martinez*, 2019 WL 5996984, at *9; *see also Askew*, 2020 WL 579121, at *3 n.2. Because there is legally sufficient evidence of Paulin's refusal to vacate the property, we overrule his fifth point.

15

## V.  Conclusion

Having overruled Paulin's five points, we affirm the trial court's judgment.

/s/ Dabney Bassel

Dabney Bassel
Justice

Delivered:  May 16, 2024

16